NOBLE, ADMR., APPELLEE, *v.* COLWELL ET AL., APPELLANTS.

[Cite as Noble *v.* Colwell (1989), 44 Ohio St. 3d 92.]

(No. 88-230—Submitted March 7, 1989—Decided July 12, 1989.)

*McCarthy & Becker, Dennis M. McCarthy* and *William C. Becker,* for appellee.

*Daniel B. Bennington* and *Walter J. Seimer,* for appellants.

WRIGHT, J. This court will grant a motion to certify only if there is a substantial constitutional question or if the case is of public or great general interest. Preamble and Rule II of the Rules of Practice of the Supreme Court. Novel questions of law or procedure appeal not only to the legal profession but also to this court's collective interest in jurisprudence. Thus, it is with regret that we may not address the substantive legal issue raised on appeal since we hold that this court does not have subject-matter jurisdiction over this matter. This appeal did not emanate from a final appealable order.[1]

"* * * [T]he entire concept of 'final orders' is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof." *Lantsberry* v. *Tilley Lamp Co.* (1971), 27 Ohio St. 2d 303, 306, 56 O.O. 2d 179, 180, 272 N.E. 2d 127, 129.

R.C. 2505.02 defines a "final order" as:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial. * * *"

This case is a straightforward civil action. We need not embark upon the analysis required to determine if this action is in the nature of a special proceeding. "* * * [T]he term, 'civil action,' as used in our statutes embraces those actions which * * * were denoted as actions at law or suits in equity; and * * * other court proceedings of a civil nature come, generally at least, within the classification of special proceedings." *In re Estate of Wyckoff* (1957), 166 Ohio St. 354, 357, 2 O.O. 2d 257, 259, 142 N.E. 2d 660, 663; see, also, *Tilberry* v. *Body* (1986), 24 Ohio St. 3d 117, 24 OBR 308, 493 N.E. 2d 954; *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253, 21 O.O. 3d 158, 423 N.E. 2d 452. This case also does not involve the third category of an order that vacates or sets aside a judgment or grants a new trial. We are concerned here with whether this appeal is from an order which affects a substantial right which in effect determines an action and prevents a judgment. "[A] 'substantial right' * * * involves the idea of a legal right; and that right is one which is enforced and protected by law." *North* v. *Smith* (1906), 73 Ohio St. 247, 249, 76 N.E. 619; *Union Camp Corp.* v. *Whitman* (1978), 54 Ohio St. 2d 159, 8 O.O. 3d 155, 375 N.E. 2d 417.

Although the parties stipulated that the plaintiff would not raise the defense of contributory negligence during the trial,[2] that issue in this case would go to *defendants'* right to and

---

[1] As noted in this court's recent opinion, *Chef Italiano Corp.* v. *Kent State Univ.* (1989), 44 Ohio St. 3d 86, 541 N.E. 2d 64, the question of whether an order is final and appealable is jurisdictional and can be raised *sua sponte* by an appellate court. Because of the prevalence of the "appeal" of orders that are not appealable, this court once again addresses the issue with perhaps greater discussion than necessary for simply ruling on the matter.

[2] The jury's determination that the defendant, Michael Colwell, was not driving

amount of damages. Thus, it may well be argued that the order that set forth the jury's verdict is a final order for purposes of R.C. 2505.02, since it affects a substantial right of the plaintiff in that it forecloses plaintiff from further litigation of his negligence action against the remaining defendants and prevents plaintiff from obtaining a judgment against them. The only action left for the court in this case would be an entry of dismissal of plaintiff's complaint, except for the fact that unresolved counterclaims exist in this action and therefore Civ. R. 54(B) applies.[3] "[T]he words 'claim for relief,' as used in Civ. R. 54(B), are synonymous with 'cause of action.'" *Amato* v. *General Motors Corp., supra*, at 256, 21 O.O. 3d at 160, 423 N.E. 2d at 454.

Ohio Civ. R. 54(B) is based upon Fed. R. Civ. P. 54(b) as amended in 1961. (Staff Note to Civ. R. 54[B].) Under the federal rules, "an action that includes a claim and a counterclaim is one presenting 'more than one claim for relief,' whether the counterclaim is compulsory or permissive, though it must be a proper counterclaim, not merely a defense 'mistakenly designated' as a counterclaim.

"Since the claim-counterclaim action presents more than one claim for relief under the Rule, it follows that when the court adjudicates the claim but the counterclaim remains pending, or vice versa, and does not make an express determination that there is no just reason for delay and gives an express direction for the entry of judgment, the order is interlocutory and remains so until the entry of judgment adjudicating all the claims and all the rights and liabilities of all the parties. It also follows that an order fully adjudicating a claim and accompanied by a Rule 54(b) determination and direction is final and appealable despite the fact that a counterclaim, either compulsory or permissive, remains pending. Conversely, an order fully disposing of a counterclaim and entered pursuant to a determination and direction under Rule 54(b) is appealable as a final decision, though the plaintiff's claim, or another counterclaim, remains to be litigated." 6 Moore, Federal Practice (2 Ed. 1986) 54-226 to

---

the car at the time of the accident precludes plaintiff from establishing his remaining claims that the defendant's negligent, willful and wanton driving caused the accident. A crucial factual link in the chain of evidence necessary to prove plaintiff's cause of action has been determined against him. With the entry of the jury's verdict, plaintiff was precluded from prevailing on his claims.

[3] Civ. R. 54(B) provides a procedure for dealing with the situation where "some * * * distinct branch" of a case is adjudicated but the whole case is not determined. Rule 54(B) provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Rule 54(B) is procedural only. It cannot abridge, enlarge, or modify any substantive right. *Alexander* v. *Buckeye Pipe Line Co.* (1977), 49 Ohio St. 2d 158, 159, 3 O.O. 3d 174, 175, 359 N.E. 2d 702, 703.

54-229, Paragraph 54.35[1] (numerous citations omitted). Accord Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d (1983) 65, Section 2657.

The defendants' counterclaims remain in the action and are not rendered moot nor are they fully resolved by entry of judgment on the jury's verdict.[4] The issues of liability and damages under the defendants' counterclaims remain to be determined. As a general rule, even where the issue of liability has been determined, but a factual adjudication of relief is unresolved, the finding of liability is not a final appealable order even if Rule 54(B) language was employed.[5]

Rule 54(B)'s general purpose is to accommodate the strong policy against piecemeal litigation with the possible injustice of delayed appeals in special situations. *Alexander* v. *Buckeye Pipe Line Co.* (1977), 49 Ohio St. 2d 158, 160, 3 O.O. 3d 174, 175, 359 N.E. 2d 702, 703. An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ. R. 54(B) in order to be final and appealable. Rule 54(B) makes mandatory the use of the language, "there is no just reason for delay." Unless those words appear where multiple claims and/or multiple parties exist, the order is subject to modification and it cannot be either final or appealable. *Jarrett* v. *Dayton Osteopathic Hospital, Inc.* (1985), 20 Ohio St. 3d 77, 20 OBR 407, 486 N.E. 2d 99; *Whitaker-Merrell Co.* v. *Geupel Construction Co.* (1972), 29 Ohio St. 2d 184, 58 O.O. 2d 399, 280 N.E. 2d 922, syllabus. The required language puts the parties on notice when an order or decree has become final for purposes of appeal. (Staff Note to Civ. R. 54[B]); *Pokorny* v. *Tilby Development Co.* (1977), 52 Ohio St. 2d 183, 6 O.O. 3d 416, 370 N.E. 2d 738. However, we hasten to add that the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order. *Cooper* v. *Cooper* (1984), 14 Ohio App. 3d 327, 14 OBR 394, 471 N.E. 2d 525; *Douthitt* v. *Garrison* (1981), 3 Ohio App. 3d 254, 3 OBR 286, 444 N.E. 2d 1068; *R & H Trucking, Inc.* v. *Occidental Fire & Cas. Co., supra.* The order at issue must always fit into at least one of the three categories of final order set forth in R.C. 2505.02. *General Electric Supply Co.* v. *Warden Electric, Inc.* (1988), 38 Ohio St. 3d 378, 528 N.E. 2d 195, syllabus.

The judgment order in this case setting forth the jury verdict did not

---

[4] Cf. *Wise* v. *Gurskey* (1981), 66 Ohio St. 2d 241, 20 O.O. 3d 233, 421 N.E. 2d 150 (A judgment for defendant in a civil action rendered defendant's third-party complaint for indemnity moot. The judgment is therefore a final order pursuant to R.C. 2505.02 and Civ. R. 54[B] does not apply.). See, also, *Boulger* v. *Evans* (1978), 54 Ohio St. 2d 371, 375, 8 O.O. 3d 388, 391, 377 N.E. 2d 753, 756.

[5] This is the rule followed in many courts of appeals in this state and in the majority of the federal circuits, including the Sixth Circuit Court of Appeals. *Fireman's Fund Ins. Cos.* v. *B P S Co.* (1982), 4 Ohio App. 3d 3, 4 OBR 23, 446 N.E. 2d 181; *R & H Trucking, Inc.* v. *Occidental Fire & Cas. Co.* (1981), 2 Ohio App. 3d 269, 2 OBR 298, 441 N.E. 2d 816; *Mayfred Co.* v. *Bedford Heights* (1980), 70 Ohio App. 2d 1, 24 O.O. 3d 5, 433 N.E. 2d 620; *Triplett* v. *Rosen* (Apr. 5, 1988), Franklin App. No. 87AP-72, unreported; *Corrosioneering, Inc.* v. *Thyssen Environmental Systems, Inc.* (C.A. 6, 1986), 807 F. 2d 1279; *Rudd Constr. Equip. Co.* v. *Home Ins. Co.* (C.A. 6, 1983), 711 F. 2d 54; Annotation (1988), 89 A.L.R. Fed. 514, 544.

refer to Civ. R. 54(B) and did not use the language from the rule. On the contrary, on its face it plainly indicated that it was not final since it ordered that "further proceedings in this case be continued pending the scheduling of a Second Pretrial Conference." Thus, although the order with respect to plaintiff's claims arguably may appear to comport with the finality requirements of R.C. 2505.02, this order is *not* a final judgment pursuant to Civ. R. 54(B) since the counterclaims remain unresolved and thus are not appealable.[6] The facts herein do not suggest the infrequent, harsh situation wherein entry of judgment pursuant to Civ. R. 54(B) may be justified so that undue prejudice, hardship or injustice may be avoided and judicial administration interests furthered.[7]

Accordingly, we hold that the trial court's judgment entry of January 28, 1987, is not a final appealable order. The judgment of the court of appeals is vacated, and the judgment is rendered which that court should have rendered, that is, the appeal is dismissed and the cause is remanded to the trial court for further proceedings in accordance with law.

*Appeal dismissed.*

MOYER, C.J., SWEENEY and H. BROWN, JJ., concur.

HOLMES, J., concurs in syllabus, and concurs separately.

DOUGLAS and RESNICK, JJ., concur in judgment.

HOLMES, J., concurring. I view the stance of this case differently than the other members of this court. At the outset, I am constrained to state that all parties have treated the issue presented as by way of a final appealable order, and have briefed the issues accordingly. The court of appeals accordingly approached and determined the merits. This court in like manner should determine the issues presented rather than *sua sponte* raising the question of appealability.

However, approaching the question of the finality of the order for purposes of appealability, I feel that when the trial court separated the question of the identity of the driver of the vehicle from the issue of liability, such determination by the jury thereon with an appropriate entry would have been a final appealable order. I believe that such a determination of this distinct branch of the case determined the plaintiff's action against the defendants and prevented a judgment for the plaintiff. In accord with the elements of R.C. 2505.02, this could have been a final appealable issue.

---

[6] As noted in *Chef Italiano, supra,* Rule 54(B) specifically provides that an order of the trial court is "subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties." This is true even if an order satisfies the finality requirements of R.C. 2505.02. *Id.*

[7] Whether a court enters a judgment pursuant to Rule 54(b) is within its sound discretion. See *Moore, supra,* at 54-230. The court in this case did not certify the judgment under Rule 54(B), so we do not address whether such a certification would have been an abuse of discretion. See *Curtiss-Wright Corp.* v. *General Electric Co.* (1980), 446 U.S. 1, for a discussion of the standards for reviewing certification of final orders under Rule 54(b). However, the counterclaims pending in the instant case arose out of the same operative facts and were intertwined with the original claims. It could be posited that certification pursuant to Rule 54(B) of the final order would have been an abuse of discretion.

However, in this case, as noted by the majority opinion, there was more than one claim for relief; there yet remain the issues of liability and damages to be determined within the defendants' counterclaims. I conclude this would require a consideration of the mandates of Civ. R. 54(B), which as noted in the majority opinion, "provides a procedure for dealing with the situation where 'some * * * distinct branch' of a case is adjudicated but the whole case is not determined."

As noted previously, some distinct branch of this case was determined — the identity of the driver of the automobile.

It appears here that the trial court did not specifically consider whether he should enter a final appealable order as to one of the number of claims within the action. At least there is nothing in the file to indicate that he was asked to make any express determination of finality within the order as required by the language of Civ. R. 54(B). The so-called magic move of making an express determination that "there is no just reason for delay" was not upon the trial court's order.

Whether or not it would be an abuse of discretion for the trial court to refuse to enter such an order must wait another day. However, under the stance of this case, I would reverse and remand to the trial court for an appropriate consideration of entering such an appealable order pursuant to Civ. R. 54(B).

DOUGLAS, J., concurring in judgment. I concur in the judgment. This case has nothing to do with Civ. R. 54(B), and any discussion of that rule in connection with the facts of this case will only add substantial confusion in an area of the law that needs no help with confusion.

Here, we have a complaint and a counterclaim. The counterclaim arises out of the exact same occurrence as the complaint. Appellee says that appellant was driving, and the complaint seeks damages on behalf of the survivors of appellee's decedent. Appellants, in a counterclaim, state appellee's decedent was driving, and seek damages for injuries suffered by appellants.

The jury found against appellee on the complaint. The counterclaim of appellants was never adjudicated and remains pending. Thus, there is no final appealable order. *None* of the prongs of R.C. 2505.02 has been satisfied. A final judgment has not yet been prevented. Appellants could still be awarded a judgment. Further, the action has *not* been determined between *these* parties.

Since there is no final order as required by R.C. 2505.02, there is nothing appealable pursuant to R.C. 2505.03.

Absent a final order pursuant to R.C. 2505.02, Civ. R. 54(B) is never reached. See *Chef Italiano Corp.* v. *Kent State Univ.* (1989), 44 Ohio St. 3d 86, 541 N.E. 2d 64. To give *any* indication that a case may be appealed where a counterclaim arising out of the same transaction is still pending is a mistake that will surely come back to haunt us. The bench and bar will never be sure what is appealable and what is not. Consequently, the prudent course will be to appeal *any* adverse order. See *Humphry* v. *Riverside Methodist Hospital* (1986), 22 Ohio St. 3d 94, 22 OBR 129, 488 N.E. 2d 877.

Because the majority eventually reaches the proper decision — dismissal of the appeal — I concur in that judgment.

RESNICK, J., concurs in the foregoing opinion.

ALICE ROBIE RESNICK, J., concur-

ring. I concur in the judgment of the majority of this court, but write separately in an attempt to clarify the reason why the judgment involved in this case is not a final appealable order.

Before the promulgation of Civ. R. 54(B), an appeal could be taken only when an entire action had been determined. This was because piecemeal appeals traditionally have been looked upon with disfavor by this court. Civ. R. 54(B) permits appeals of final orders even though additional claims and/or parties remain in the action. Thus Civ. R. 54(B) balances out the reluctance to allow piecemeal appeals with the acknowledgment that injustice sometimes will occur if a party has to wait for the disposition of the entire action before appealing.

For Civ. R. 54(B) to operate, three prerequisites must be met. First, there must be multiple claims and/or multiple parties. Second, the order which is being appealed must be final. Third, the trial court must expressly determine that there is no just reason for delay.

The first part of the test is met here. Both a claim and a counterclaim are involved in the action. Civ. R. 54(B) does not distinguish between claims and counterclaims, but instead applies "when more than one claim for relief is presented in an action, *whether as a claim, counterclaim, cross-claim or third-party claim * * *.*" (Emphasis added.) Furthermore, under Fed. R. Civ. P. 54(b), upon which Civ. R. 54(B) is based, see Staff Notes to Civ. R. 54(B), compulsory and permissive counterclaims are to be treated in the same manner as other multiple claims. See *Cold Metal Process Co.* v. *United Engineering & Foundry Co.* (1956), 351 U.S. 445, 452. Thus, the existence of a claim and counterclaim rendered this a multiple-claim action as required in Civ. R. 54(B).

Although multiple claims and parties exist here, Civ. R. 54(B) has no application in this case. Civ. R. 54(B) provides:

"Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties."

Civ. R. 54(B) permits an appeal of final orders even though additional claims and/or parties remain in the action. However, for Civ. R. 54(B) to apply, the order which is being appealed must be both final and the trial court must expressly determine that there is no just reason for delay. Neither criterion is found in this case. Since defendants-appellants Michael and Clarence Colwell filed counterclaims against Donald Noble, they still remain pending in the action.

However, the counterclaims arise out of the same circumstances as the original claim. To be final under Civ. R. 54(B), the claim must be separate and distinct from the other claims. *Gold Seal Co.* v. *Weeks* (C.A. D.C. 1954), 209 F. 2d 802, 807. This is not the case before us. Since the claim and counterclaim arise from the same set of cir-

cumstances, the claim is not separate and distinct. The order here is not a final order, regardless of whether the Civ. R. 54(B) language has been employed.

Civ. R. 54(B) has no application in this case because we do not have a separate and distinct claim and counterclaim. I would reverse the court of appeals and remand the cause to the trial court for the foregoing reasons.

DOUGLAS, J., concurs in the foregoing opinion.