**RENNER'S WELDING AND FABRICATION, INC., Appellant,**

v.

**CHRYSLER MOTOR CORPORATION, Appellee.**

[Cite as *Renner's Welding & Fabrication, Inc. v. Chrysler Motor Corp.* (1996), 117 Ohio App.3d 61.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 96CA2194.

Decided Dec. 27, 1996.

62

*John W. Thatcher,* for appellant.

*Mansour, Gavin, Gerlack & Manos* and *John F. Burke III,* for appellee.

HARSHA, Judge.

Renner's Welding & Fabrication, Inc. ("Renner's") appeals a judgment of the Ross County Court of Common Pleas granting Chrysler Motor Corporation's ("Chrysler") motion for summary judgment. For the reasons that follow, we hold that the appeal is premature since the lower court's judgment does not constitute a final appealable order.

Renner's purchased a 1992 Dodge Ram cab and chassis from Arena Dodge, Inc. on June 19, 1992. Renner's intended to mount a custom-designed steel utility bed with a welding rig and a tool body onto the truck's chassis for use in the company's business.

While driving the truck home prior to the installation of the utility bed, Renner's noticed that the truck would shake violently while traveling at highway speeds. This particular problem continued to a certain degree through the filing of the lawsuit.

In the year following the installation of the utility bed, Renner's complained to the dealership and Chrysler about the truck's shaking problem, as well as the fact that the front brakes smoked when applied in downhill situations and had to be replaced. In response to these complaints, several automotive service departments felt that the problems were related to the truck's weight. Finally, these problems culminated in the truck's right rear axle falling out on July 27, 1993 when the truck had about 17,500 miles on it.

Following an unsuccessful attempt to arbitrate the dispute with Chrysler, Renner's filed a complaint alleging that the truck had repeated problems with severe vibrations of the wheels and tires, the rear wheel had come loose from the

truck, and the brakes had prematurely worn out. Renner's claimed that those problems had made the truck "unfit for the purpose of the intended use."[1]

Chrysler filed a motion for summary judgment in which it submitted that Renner's had failed to produce any evidence demonstrating the existence of an implied warranty of fitness for a particular purpose for this truck. In response, Renner's filed a memorandum contra in which it claimed that the implied warranty of fitness "requires a vehicle to be able to drive down the road, without shaking and vibrating, with its wheels remaining in contact with the road and to have brakes sufficient to stop the vehicle."

The trial court filed its judgment entry granting Chrysler's motion for summary judgment on October 12, 1995, and its decision stated:

"It is undisputed that there was no direct conversations or dealings between this Defendant and Plaintiff. Plaintiff has not produced any evidence showing Defendant had specific knowledge regarding the use to which Plaintiff would use the truck or that Plaintiff relied on Defendant's skill or judgment when purchasing the truck."

Based on that reasoning, the trial court held that Renner's failed to carry its burden of proof concerning his claim for breach of an implied warranty of fitness for a particular purpose.[2] However, the court's entry did not consider Renner's claim of breach of an implied warranty of merchantability. Renner's filed a notice of appeal from that judgment.[3]

Initially, we must determine whether the judgment entry here was a final appealable order. It is well established that an order must be final before it can be reviewed by an appellate court. Section 3(B)(2), Article IV of the Ohio Constitution; see, also, *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266, 269–270. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. *Lisath v. Cochran* (Apr. 14, 1993), Lawrence App. No. 92CA5, unreported, 1993 WL 120627; *In re Christian* (July 22, 1992), Athens App. No. 1507, unreported, 1992 WL 174718. A two-step analysis is employed to deter-

---

1. Renner's also alleged a violation of Ohio's "Lemon Law," see R.C. 1345.71 *et seq.;* however, that claim is not a subject of this appeal.

2. It is important to note, however, that Renner's had previously filed an amended complaint naming Herrnstein Dodge Chrysler Plymouth, Inc. as an additional defendant. Renner's claim against Herrnstein remained pending until an agreed judgment entry dismissing Herrnstein with prejudice was filed on February 29, 1996.

3. Appellant's sole assignment of error in this appeal states: "The trial court erred in granting the motion for summary judgment as it related to implied warranty of fitness pursuant to Ohio Revised Code, Section 1302.28."

mine whether a judgment is final. First, we must determine if the order is final within the requirements of R.C. 2505.02. If so, we then proceed to the second step to determine if Civ.R. 54(B) language is required. *Gen. Acc. Ins., supra,* 44 Ohio St.3d at 21, 540 N.E.2d at 270–271. An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and Civ.R. 54(B), if applicable, are met. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus.

██ A "final order" is defined by R.C. 2505.02 as "[a]n order that affects a substantial right in an action which in effect determines the action * * *." A final decree is one which determines the whole case, or a distinct branch thereof, and reserves nothing for future determination, so that it will not be necessary to bring the cause before the court for further proceedings. *Teaff v. Hewitt* (1853), 1 Ohio St. 511, 520; *Catlin v. United States* (1945), 324 U.S. 229, 233, 65 S.Ct. 631, 633–634, 89 L.Ed. 911, 915–916; *Lantsberry v. Tilley Lamp Co.* (1971), 27 Ohio St.2d 303, 306, 56 O.O.2d 179, 180–181, 272 N.E.2d 127, 129.

 Civ.R. 54(B) provides:

"Judgment Upon Multiple Claims or Involving Multiple Parties. *When more than one claim for relief is presented in an action,* whether as a claim, counterclaim, cross-claim or third–party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, *the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.* In the absence of a determination that there is no just reason for delay, any order or other form of decision, * * *is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)

██ The general purpose of Civ.R. 54(B) is to avoid piecemeal litigation. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381, 1384–1385; *Alexander v. Buckeye Pipe Line Co.* (1977), 49 Ohio St.2d 158, 160, 3 O.O.3d 174, 175, 359 N.E.2d 702, 703. Therefore, when an action includes multiple claims and/or parties and an order adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties, the language "there is no just reason for delay" must be used to make the order final and appealable. *Noble, supra.* The use of this language is a mandatory requirement. Without the use of this language, the order is still subject to modification and cannot be either final or appealable. *Id.*; *Jarrett v. Dayton Osteopathic Hosp., Inc.* (1985), 20 Ohio St.3d 77, 78, 20 OBR 407, 407–408, 486 N.E.2d 99, 100.

Based upon our examination of appellant's first cause of action in this case, it is apparent that its allegations incorporate claims under both the implied warranties

of merchantability[4] and fitness for a particular purpose.[5] Thus, count one of appellant's complaint is subject to Civ.R. 54(B) analysis because it is an action presenting more than one claim for relief. *Noble, supra,* citing 6 Moore, Federal Practice (2 Ed.1986) 54–226 to 54–229, Paragraph 54.35[1]. If the court adjudicates his claim as to only one of the implied warranties, *e.g.,* fitness for a particular purpose, and does not dispose of the other, *i.e.,* merchantability, the order is interlocutory unless the court expressly determines that there is no just reason for delay and enters judgment accordingly. *Id.* Otherwise, the judgment remains interlocutory until all the claims and rights and liabilities of all the parties are adjudicated and a final, appealable order is entered.

Although appellant has presented two theories of recovery under its first cause of action, only one claim has been fully adjudicated by the trial court, *i.e.,* fitness for a particular purpose. Absent from the court's judgment entry is the "no just reason for delay" language of Civ.R. 54(B). Accordingly, the entry is not a final appealable order, and, under R.C. 2501.02, this court has no jurisdiction over the appeal. In that a court of appeals must, *sua sponte,* dismiss an appeal which is not from a final appealable order, *Whitaker–Merrell v. Geupel Constr. Co.* (1972), 29 Ohio St.2d 184, 186, 58 O.O.2d 399, 400, 280 N.E.2d 922, 924, this appeal is hereby dismissed.

*Appeal dismissed.*

KLINE, J., concurs.

STEPHENSON, J., dissents.

STEPHENSON, Judge, dissenting:

I respectfully dissent. Although the allegations in the complaint and amended complaint are admittedly unclear, it is not "apparent" to me that appellant's first cause of action in this case includes a claim for breach of an implied warranty of

---

4. See R.C. 1302.27, codifying Uniform Commercial Code 2–314, which states:

"(A) Unless excluded or modified as provided in section 1302.29 of the Revised Code, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. * * *

"(B) Goods to be merchantable must be at least such as:
"* * * *
"(3) are fit for the ordinary purposes for which such goods are used * * *."

5. See R.C. 1302.28, codifying Uniform Commercial Code 2–315, which states:

"Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under section 1302.29 of the Revised Code an implied warranty that the goods shall be fit for such purpose."

merchantability. My reading of these pleadings reveals only a claim for breach of warranty of fitness for a particular purpose. I would also point out that this was the only implied warranty dealt with by the court and the parties below. No mention was ever made of an implied warranty of merchantability. It does not appear to me that a breach of this specific warranty was ever pled in the complaint or amended complaint. Thus, I am not persuaded that there remains an unresolved claim in this action. I would proceed to review this matter on its merits.