DECISION AND JUDGMENT ENTRY
The appellants in this case, former tenants of David Full, Sr., initiated this action against Full for: (1) failure to return their security deposit, and (2) breach of the rental agreement based upon Full's failure to maintain the rental unit as an adequate living facility. Full filed a counterclaim for unpaid rent. The Athens County Municipal Court, Small Claim's Division, dismissed the tenants' breach of contract claim, and issued a judgment entry declaring its judgment on that claim to be a final appealable order. The tenants timely filed this appeal.
Appellate courts in Ohio have jurisdiction to review the "final orders" or judgments of inferior courts within their district. Section 3 (B) (2), Article IV of the Ohio Constitution; R.C.2501.02 and 2505.03. It is well established that an order must be final and appealable before it can be reviewed by an appellate court. Gen. Acc. Ins. Co. v. Ins. Co. of N. America (1989),44 Ohio St.3d 17, 20. If an order is not final and appealable, then the appellate court has no jurisdiction to review the matter and must dismiss it sua sponte. Whitaker-Merrell v. Geupel Constr.Co. (1972), 29 Ohio St.2d 184, 186; Renner's Welding Fabrication v. Chrysler Motor Corp. (1996), 117 Ohio App.3d 61,66. A trial court's finding that its judgment is a final appealable order is not binding upon this court. Ft. FryeTeachers Assn. v. Ft. Frye Local School Dist. 3d. of Edn. (1993),87 Ohio App.3d 840, 843, fn. 4, citing Pickens v. Pickens (Aug. 25, 1992), Meigs App. No. 459, unreported. See, also, Noble v.Colwell (1989), 44 Ohio St.3d 92, 96.
R.C. 2505.02 provides in relevant part that an order is final and appealable if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02 (B) (1). However, when Civ.R. 54 (B) applies, the order must comply with both R.C. 2505.02 and Civ.R. 54 (B) before it can be deemed a final appealable order. Noble at 96; Minix v.Collier (July 16, 1999), Scioto App. No. 98CA2619, unreported.
Civ.R. 54 (B) provides that "[w]hen more than one claim for relief is presented in an action * * * the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Civ.R. 54 (B). Thus, when the trial court renders a judgment resolving one or more claims, but leaving other claims unresolved, Civ.R. 54 (B) applies and the order must comply with both R.C. 2505.02 and Civ.R. 54 (B) before an appellate court can review the judgment. See Noble at 96. Civ.R. 54 (B) makes use of the "no just reason for delay" language mandatory. Id., citing Jarrett v. Dayton Osteopathic Hosp., Inc.
(1985), 20 Ohio St.3d 77, syllabus. Unless those words appear, the order cannot be either final or appealable. Noble at 96.
In contrast, when a trial court issues an order which does not resolve any claim, but is described in R.C. 2505.02 (B), use of the Civ.R. 54 (B) language is not required. See, e.g., DaytonWomen's Health Center v. Enix (1990), 52 Ohio St.3d 67 (order determining class certification constitutes a final appealable order); Likover v. Cleveland (1978), 60 Ohio App.2d 154 (denial of a motion to intervene is a final appealable order); see, also, App.R. 4 (B) (5) (proscribing appeal deadline for judgment "other than a judgment or order entered under Civ.R. 54 (B)").
In this case, three claims for relief are before the trial court. Although the trial court only resolved one of the three claims, the trial court expressly stated that its judgment on the tenants' breach of contract claim was a final appealable order. However, the trial court did not employ the "no just reason for delay" language as required by Civ.R. 54 (B). The absence of the Civ.R. 54 (B) language, in the presence of a resolution of only one of three claims, renders the order not final or appealable. Therefore, we need not reach the question of whether the judgment affected a "substantial right" pursuant to R.C. 2505.02.
This court does not possess jurisdiction over an appeal from a judgment that is not a final appealable order. Consequently, we must sua sponte dismiss the tenants' appeal.
Accordingly, we hereby DISMISS the appeal for lack of a final appealable order.
Abele, J. and Evans, J.: Concur in Decision and Judgment.
APPEAL DISMISSED
 _________________________ Roger L. Kline, Presiding Judge