Plaintiff Janine Trubatch has attempted to appeal two orders of the Summit County Court of Common Pleas. The first judgment dismissed defendants Sally Childs, James Childs, Thomas Davis, Donna Davis, R.G. Smith Realty Company and SJC Investments, Inc. The second judgment granted summary judgment in favor of defendant Rodney Cox. Because Plaintiff has attempted to appeal from orders that are not final within the meaning of R.C. 2501.02, 2505.02 and Civ.R.54(B), this appeal is dismissed.
 I.
On March 23, 1995, Plaintiff filed suit against Mr. Ballinger, Ms. Childs, Mr. Childs, Mr. Cox, Mr. Davis, R.J. Smith Realty Company and Society National Bank. The complaint alleged civil conspiracy, fraud, unjust enrichment and wrongful termination. After extensive discovery, on February 22, 1996, Plaintiff dismissed her suit pursuant to Civ.R. 41(A).
On February 17, 1997, Plaintiff re-filed her suit naming Ms. Childs, Mr. Childs, Mr. Cox, Mr. Davis, Ms. Davis, R.J. Smith Realty Company, SJC Investments, Inc., T.D.R. Associates and Society National Bank as defendants. This complaint alleged civil conspiracy, fraud, forgery, violations of Ohio's "RICO" statute and wrongful termination.
On April 28, 1998, after further discovery and appropriate pre-trial motions,[1] the trial court granted the motions to dismiss and/or motions for summary judgment in favor of defendants Ms. Childs, Mr. Childs, Ms. Davis, Mr. Davis, R.G. Smith Realty Company and SJC Investments, Inc.[2] On September 11, 1998, Plaintiff settled with and dismissed Society National Bank with prejudice. Finally, on October 5, 1998, the trial court granted Mr. Cox's motion for summary judgment. To date, defendant T.D.R. Associates has never made an appearance.[3] Nevertheless, it remains a party to this action.
 II.
As a preliminary matter, this Court must first determine whether it has jurisdiction to hear this appeal. It is well established that an order must be final before it can be reviewed by an appellate court. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02; see, also, General Acc. Ins. Co. v. Insurance Co. of North America (1989), 44 Ohio St.3d 17, 20. "If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed." Renner's Welding and Fabrication, Inc. v. Chrysler Motor Corp. (1996), 117 Ohio App.3d 61, 64.
A two-step analysis is employed to determine whether a judgment is final. First, this Court must determine if the order is final within the requirements of R.C. 2505.02. Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus. Specifically, R.C. 2505.02(B)(1) defines a final appealable order as one that "affects a substantial right in an action that in effect determines the action * * *."
If the order meets the R.C. 2505.02 standard, the Court must then determine whether Civ.R. 54(B) language is required. Chef Italiano, 44 Ohio St.3d at syllabus. Civ.R. 54(B) provides:
 When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
As such, courts have concluded that dismissal or summary judgment as to some, but fewer than all of the defendants, while affecting parties' substantial rights, only constitutes a final appealable order under R.C. 2505.02 with the addition of Civ.R. 54(B) language. Chef Italiano, 44 Ohio St.3d at 88; Katz v. Banning (1992), 84 Ohio App.3d 543, 553. Hence, unless the express words of Civ.R.54(B), "there is no just reason for delay," appear where multiple claims and/or parties exist, the order remains subject to modification and is neither final nor appealable. Chef Italiano, 44 Ohio St.3d at syllabus; Katz,88 Ohio App. 3d at 553.
In the case at bar, the trial court granted summary judgment to Mr. Cox and dismissed Ms. Childs, Mr. Childs, Ms. Davis, Mr. Davis, R.G. Smith Realty Company and SJC Investments, Inc. However, Plaintiff's claims against defendant T.D.R. Associates remain. Moreover, both the trial court's original dismissal and the subsequent order granting Mr. Cox summary judgment, fail to contain the express language required under Civ.R. 54(B). These circumstances are fatal.
 III.
Because less than all claims have been resolved, and the trial court did not find that there was "no just reason for delay," the trial court's orders, (1) dismissing Ms. Childs, Mr. Childs, Ms. Davis, Mr. Davis, R.G. Smith Realty Company and SJC Investments, Inc., and (2) granting Mr. Cox summary judgment, are not final appealable orders. Accordingly, this Court does not have jurisdiction to hear the instant appeal.
Appeal dismissed.
 ___________________________ BETH WHITMORE
 FOR THE COURT
SLABY, P.J.
CARR, J.
CONCUR
[1] Ms. Childs, Mr. Childs, Mr. Davis, Ms. Davis, R.J. Smith Realty Company and SJC Investments, Inc. each filed motions to dismiss. Society National Bank's pre-trial motion was styled motion to dismiss, and in the alternative, motion for summary judgment. Mr. Cox, on the other hand, filed a motion for summary judgment.
[2] As for Society National Bank, its motion for summary judgment on fraud, civil conspiracy and RICO was also granted. The trial court, however, did not rule on Plaintiff's wrongful termination claim.
[3] This Court notes that pursuant to Civ.R. 4(2)(G), service upon a partner is service upon the partnership. T.D.R. Associates appears to be a business partnership formed by Ms. Davis, Mr. Davis and Mr. Cox. Thus, T.D.R. Associates was effectively served upon delivery of the summons to any one of the three partners and remains a party to this action.