OPINION
This matter presents an appeal from a decision rendered by the Mahoning County Common Pleas Court, overruling the objections to the magistrate's decision filed by defendants-appellants, William E. Moran, et al., and granting plaintiffs-appellees, Christopher L. Collins, et al., a permanent nonexclusive easement for ingress and egress over a portion of land owned by appellants.
Because this court is without jurisdiction to consider this appeal for the reason that the trial court's decision is not a final appealable order, this appeal is dismissed.
Civ.R. 54(B) provides in pertinent part as follows:
 "Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, and whether arising out of the same or separate transactions, * * * the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims * * * shall not terminate the action as to any of the claims * * *, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
An order of a court is a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C.2505.02 are met. Chef Italiano Corp. v. Kent State University
(1989), 44 Ohio St.3d 86, 88. The purpose of the rule is to avoid piecemeal litigation and the possible injustice resulting from delayed appeals. Noble v. Colwell (1989), 44 Ohio St.3d 92, 96. Rule 54(B) makes mandatory the use of the language, "there is no just reason for delay." Id. The required language puts the parties on notice when an order or decree has become final for purposes of appeal. Id. Unless those words appear where multiple claims exist, the order is subject to modification and it cannot be either final or appealable. Id.
If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. Renner's Welding and Fabrication, Inc. v. ChryslerMotor Corp. (1996), 117 Ohio App.3d 61, 64. Moreover, in the event that this jurisdictional issue is not raised by the parties involved with the appeal, then this court is required to raise itsua sponte. Davison v. Rini (1996), 115 Ohio App.3d 688, 692.
In the instant case appellees' complaint contained five separate counts and sought damages in addition to the permanent injunction against appellants. In their answer appellants filed a counterclaim seeking damages. At the hearing on the permanent injunction no evidence was introduced regarding either of the claims for damages. Indeed the magistrate's decision states as follows:
 "This decision is made after trial on the plaintiffs' complaint for a permanent injunction. This decision does not dispose of the plaintiffs' claim and the defendants' counterclaim for damages.
"* * *
 "This cause is continued for trial on the plaintiffs [sic] claim and the defendants [sic] counterclaim for damages."
On February 9, 1998 the trial court issued a judgment entry adopting the magistrate's decision as its own. The judgment entry makes no reference to the outstanding damages claims, nor does it recite the Civ.R. 54(B) "no just reason for delay" language. As such, the trial court's order is not final or appealable and remains subject to modification. Noble, supra.
Accordingly, this appeal is hereby dismissed for lack of a final appealable order.
APPROVED:
________________________________ GENE DONOFRIO, JUDGE
COX, J., and WAITE, J., concurs.