DECISION AND JOURNAL ENTRY
Defendant-Appellant, Lorne Elbert, has attempted to appeal from an order of the Lorain County Common Pleas Court that granted summary judgment to Plaintiff-Appellee, the City of Elyria. Because Defendant has attempted to appeal from an order that is not final within the meaning of R.C. 2505.02 and Civ.R. 54(B), this appeal is dismissed.
 I.
On March 21, 1996, Plaintiff filed suit against Defendants Lorne Elbert, South Abbe Realty Development, Inc. (South Abbe), and Gary Crane. Plaintiff sought to collect a developmental impact fee for property in the Elyria South Storm Sewer District. Defendants Elbert and South Abbe filed an answer on May 10, 1996. To date, Defendant Crane never filed a responsive pleading to Plaintiff's complaint.[1]
After discovery, Defendants Elbert and South Abbe filed a motion for summary judgment. Plaintiff also filed a cross-motion for summary judgment. On October 13, 1998, the trial court granted summary judgment in favor of Plaintiff against Defendants Elbert and South Abbe. Defendant Elbert appealed to this Court.
 II.
As a preliminary matter, this Court must first determine whether it has jurisdiction to hear this appeal. It is well established that an order must be final before it can be reviewed by an appellate court. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02; see, also, General Acc. Ins. Co. v.Insurance Co. of North America (1989), 44 Ohio St.3d 17, 20. "If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed."Renner's Welding Fabrication, Inc. v. Chrysler Motor Corp.
(1996), 117 Ohio App.3d 61, 64.
A two-step analysis is employed to determine whether a judgment is final. First, this Court must determine if the order is final within the requirements of R.C. 2505.02. Chef ItalianoCorp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus. Specifically, R.C. 2505.02(B)(1) defines a final appealable order as one that "affects a substantial right in an action that in effect determines the action * * *."
If the order meets the R.C. 2505.02 standard, the Court must then determine whether Civ.R. 54(B) language is required. ChefItaliano, 44 Ohio St.3d at syllabus. Civ.R. 54(B) provides:
 When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order, * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order * * * is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 As such, courts have concluded that dismissal or summary judgment as to some, but fewer than all of the defendants, while affecting parties' substantial rights, only constitutes a final appealable order under R.C. 2505.02 with the addition of Civ.R. 54(B) language. Chef Italiano, 44 Ohio St.3d at 88; Katz v. Banning (1992), 84 Ohio App.3d 543, 553. Hence, unless the express words of Civ.R. 54(B), "there is no just reason for delay," appear where multiple claims and/or parties exist, the order remains subject to modification and is neither final nor appealable. Chef Italiano, 44 Ohio St.3d at syllabus; Katz, 88 Ohio App.3d at 553.
In the case at bar, the trial court granted summary judgment to Plaintiff against Defendants Elbert and South Abbe; however, its claim against Defendant Crane remains. This Court also notes that the trial court's order granting summary judgment does not include the express language required under Civ.R. 54(B). These circumstances are fatal.
 III.
Because less than all claims have been resolved, and the trial court did not find that there was "no just reason for delay," its order granting Plaintiff summary judgment is not a final appealable order. Accordingly, this Court does not have jurisdiction to hear the instant appeal.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 ___________________________ BETH WHITMORE
BATCHELDER, P.J., BAIRD, J., CONCUR.
[1] Defendant Crane did file a statement with the trial court on June 28, 1996 which stated that he was only aware of the action because he received a memorandum dated June 20, 1996 by regular mail. Nevertheless, he still remains a party to this action.