DECISION AND JUDGMENT ENTRY
Leslie Delong appeals the Lawrence County Court of Common Pleas' decisions dismissing the first five causes of action he asserted in his complaint. Because Delong asserted six causes of action in his complaint, and because the trial court did not dispose of Delong's sixth cause of action, we find that the trial court did not issue a final appealable order in this case. Accordingly, we dismiss Delong's appeal.
 I.
Delong filed a complaint alleging six causes of action after the South Point Local School District Board of Education ("School Board") terminated his teaching contract. Delong named the School Board, the individual School Board members, and Superintendent Rick Waggoner as defendants. Under his first cause of action, Delong appealed his dismissal pursuant to R.C. 3319.16. In his second through fourth causes of action, Delong alleged that the School Board and its members terminated his contract without due process, breached its contract with him, and acted, under color of state law, to deprive him of his constitutional rights. In his fifth and sixth causes of action, Delong asserted that Waggoner tortiously interfered with his contract with the school board and that Waggoner acted under color of state law to violate his constitutional rights.
The trial court bifurcated the administrative appeal in Delong's first cause of action from the remaining five causes of action. The defendants filed motions for summary judgment on both the first cause of action and on the remaining causes of action. In their brief seeking summary judgment on Delong's second through sixth causes of action, the defendants presented a single argument regarding Delong's fifth and sixth assignments of error.
On January 7, 2000, the trial court entered separate judgment entries with regard to the administrative appeal and with regard to the remaining causes of action. In each entry, the trial court erroneously noted that Delong originally filed a complaint containing a total of five causes of action. In the first entry, the trial court dismissed the administrative appeal Delong pursued pursuant to R.C. 3319.16. In the second entry, the trial court entered summary judgment in favor of the School Board and Waggoner on Delong's second, third, fourth and fifth causes of action. Neither entry certified that there was "no just reason for delay." However, both entries purported to collectively dispose of all of Delong's causes of action.
Delong filed separate notices of appeal with respect to each judgment entry. This court consolidated the cases on appeal. Before we turn to the merits of Delong's appeal, however, we suasponte examine our jurisdiction to review this case.
Appellate courts in Ohio have jurisdiction to review the "final orders" or judgments of inferior courts within their district. Section 3 (B) (2), Article IV of the Ohio Constitution; R.C.2501.02 and 2505.03. It is well established that an order must be final and appealable before an appellate court can review it.Gen. Acc. Ins. Co. v. Ins. Co. of N. America (1989), 44 Ohio St.3d 17,20. If an order is not final and appealable, then the appellate court has no jurisdiction to review the matter and must dismiss it sua sponte. Whitaker-Merrell v. Geupel Constr. Co.
(1972), 29 Ohio St.2d 184, 186; Renner's Welding Fabrication v.Chrysler Motor Corp. (1996), 117 Ohio App.3d 61, 66. A trial court's finding that its judgment is a final appealable order is not binding upon this court. Ft. Frye Teachers Assn. v. Ft. FryeLocal School Dist. Bd. of Edn. (1993), 87 Ohio App.3d 840, 843, fn. 4, citing Pickens v. Pickens (Aug. 25, 1992), Meigs App. No. 459, unreported. See, also, Noble v. Colwell (1989), 44 Ohio St.3d 92,96.
An order is final and appealable if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02 (B) (1). However, when Civ.R. 54 (B) applies, the order must comply with both R.C. 2505.02 and Civ.R. 54 (B) before it can be deemed a final appealable order.Noble at 96; Minix v. Collier (July 16, 1999), Scioto App. No. 98CA2619, unreported.
Civ.R. 54 (B) provides that "[w]hen more than one claim for relief is presented in an action * * * the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Civ.R. 54 (B). Thus, when the trial court renders a judgment resolving one or more claims, but leaving other claims unresolved, Civ.R. 54 (B) applies and the order must comply with both R.C. 2505.02 and Civ.R. 54 (B) before an appellate court can review the judgment. See Noble at 96. Civ.R. 54 (B) makes use of the "no just reason for delay" language mandatory. Id., citing Jarrett v. Dayton Osteopathic Hosp., Inc.
(1985), 20 Ohio St.3d 77, syllabus. Unless those words appear, the order cannot be either final or appealable. Noble at 96.
In contrast, when a trial court issues an order that does not resolve any claim, but affects a substantial right, as described in R.C. 2505.02 (B), use of the Civ.R. 54 (B) language is not required. See, e.g., Dayton Women's Health Center v. Enix (1990),52 Ohio St.3d 67 (order determining class certification constitutes a final appealable order); Likover v. Cleveland
(1978), 60 Ohio App.3d 154 (denial of a motion to intervene is a final appealable order); see, also, App.R. 4 (B) (5) (proscribing appeal deadline for judgment "other than a judgment or order entered under Civ.R. 54 (B)").
In this case, six claims for relief are before the trial court. The trial court only resolved five of the six claims. Although the trial court concluded that it disposed of all of Delong's claims, the trial court did not employ the "no just reason for delay" language as required by Civ.R. 54 (B). The absence of the Civ.R. 54 (B) language, in the presence of a resolution of only five of six claims, renders the order not final or appealable. Therefore, we need not reach the question of whether the judgment affected a "substantial right" pursuant to R.C. 2505.02.
This court does not possess jurisdiction over an appeal from a judgment that is not a final appealable order. Consequently, we must sua sponte dismiss Delong's appeal.
Accordingly, we hereby DISMISS the appeal for lack of a final appealable order.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion. Marsha, J.: Concurs in Judgment Only.
__________________ Roger L. Kline, Presiding Judge