OPINION
Plaintiff-appellant, Jeffrey R. Patterson (Patterson), appeals a decision rendered by the Mahoning County Court of Common Pleas whereby the trial court issued an order granting defendant-appellee, Wal-Mart Stores, Inc.'s (Wal-Mart), motion for summary judgment.
On July 21, 1997, Patterson filed a complaint against Wal-Mart. Patterson alleged three causes of actions against Wal-Mart: 1) breach of contract, 2) defamation, and 3) invasion of privacy. Patterson also sought punitive damages in connection with these actions.
Wal-Mart filed its answer on August 4, 1997, and subsequently moved for summary judgment on March 17, 1999. Wal-Mart set forth two grounds in support of its motion. First, Wal-Mart argued that they were entitled to summary judgment on the breach of contract claim. Second, Wal-Mart also claimed that they were entitled to summary judgment on the claim for punitive damages because the claim was derivative from Patterson's claim for breach of contract. Wal-Mart's motion for summary judgment did not in any way address Patterson's claims for defamation or invasion of privacy.
In an entry filed September 1, 1999, the trial court granted Wal-Mart's motion for summary judgment. The sole language in the trial court's entry read: "Defendant's motion for summary judgment, which was filed March 17, 1999, is hereby sustained."
On September 17, 1999, Patterson filed a timely notice of appeal.
As a preliminary matter Patterson has failed to comply with App.R. 16. App.R. 16 provides in pertinent part:
"(A) Brief of the appellant
 "The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
"(1) A table of contents with page references.
"* * *
 "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
 "(4) A statement of the issues presented, for review, with reference to the assignments of error to which each issue relates."
Patterson's brief illustrates a blatant disregard for the appellate rules of procedures. The court notes that Patterson's brief lacks the requisite table of contents, statement of assignment of error, and a clear and concise statement of the issues presented for review as required under App.R. 16.
Prior to addressing the alleged errors that can be gleaned from Patterson's brief, it must be determined whether the entry appealed from constitutes a final appealable order so as to vest this court with jurisdiction.
It is well settled law that "[a]n order which adjudicates one or more but fewer than all claims or the rights and liabilities of fewer than all parties must meet the requirements of R.C.2505.02 and Civ.R. 54(B) in order to be final and appealable."Second Natl. Bank of Warren v. Liguore (Aug. 26, 1998), Mahoning App. No. 96 C.A. 243, unreported, 1998 WL 574432 at *2 citingNoble v. Colwell (1989), 44 Ohio St.3d 92, 96. See, also,State ex rel. A D Limited Partnership v. Keefe (1996),77 Ohio St.3d 50, 56; Chef Italiano Corp. v. Kent State Univ.
(1989), 44 Ohio St.3d 86. The present case particularly involves Civ.R. 54(B), which states as follows:
"(B) Judgment upon multiple claims or involving multiple parties
 "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)
In Phoenix Supply Co. v. Little Forest Nursing Center
(Feb. 24, 2000), Mahoning App. No. 99 C.A. 15, unreported, 2000 WL 246593, this court noted:
 "The general purpose of Civ.R. 54(B) has been determined to be the avoidance of piecemeal litigation. [Noble v. Colwell
(1989), 44 Ohio St.3d 92]; Alexander v. Buckeye Pipe Line Co. (1977), 49 Ohio St.2d 158, 160. Based upon this premise, this court has previously held that `a lawsuit that disposes [of] only one prong of a lawsuit * * * does not ipso facto
make the matter a final appealable order until the remaining prong or prongs are also terminated * * * in the absence of the "no just reason for delay language" set forth in Civ.R. 54(B).' Davila v. Courtney (Oct. 20, 1999), Columbiana App. No. 98-CO-44, unreported. Other courts have arrived at similar conclusions.
 "In Renner's Welding and Fabrication, Inc. v. Chrysler Motor Corp. (1996), 117 Ohio App.3d 61, the Fourth District Court of Appeals held that in cases where fewer than all the claims or rights and liabilities of fewer than all of the parties are adjudicated, the use of the `no just reason for delay' language is a mandatory requirement. Id. at 65. Absent this language, the order is still subject to revision and cannot be held to be either final or appealable. Id. citing Noble, supra; Jarrett v. Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77, 78. The Tenth District Court of Appeals made a similar determination in Anderson v. Scherer (1994), 97 Ohio App.3d 753 when it stated as follows:
 "`A trial court is authorized to grant final summary judgment upon the whole case, as to fewer than all of the claims or parties in multi-party or multi-claim actions, only upon an express determination that there is no just reason for delay until judgment is granted as to all the claims and parties.' Id. at 757."
Turning to the case at hand, the record clearly indicates that Patterson filed at least three claims against Wal-Mart in his complaint: 1) breach of contract, 2) defamation, and 3) invasion of privacy. Patterson also sought punitive damages in connection with these actions.
On March 17, 1999, Wal-Mart filed a motion for summary judgment. A thorough examination of Wal-Mart's summary judgment motion shows that Wal-Mart only moved for summary judgment on the issue of breach of contract and punitive damages. Wal-Mart's motion for summary judgment makes no reference to Patterson's claims for defamation or invasion of privacy.
The trial court's September 1, 1999 judgment entry sustained Wal-Mart's motion for summary judgment. The trial court's granting of Wal-Mart's motion for summary judgment addressed Patterson's claims for breach of contract and punitive damages, however, the trial court's summary judgment order left Patterson's claims of defamation and invasion of privacy unresolved. A thorough review of the record reveals no other entry making a disposition of those claims. Furthermore, the court's entry does not contain the "no just reason for delay" language mandated by Civ.R. 54(B). Therefore, the trial court's September 1, 1999 entry does not constitute a final appealable order.
For the foregoing reasons, the present appeal is dismissed due to the lack of a final appealable order. This cause is remanded to the trial court for further proceedings according to law and consistent with this court's opinion.
COX, J., VUKOVICH, J., concurs