DECISION AND JOURNAL ENTRY
Appellants Echoing Lake Residential Homes, Echoing Hills Village, Inc. and Daniel H. Swanson have appealed from a judgment of the Lorain County Common Pleas Court that granted in part and denied in part their motion for summary judgment. Because Appellants have attempted to appeal from an order that is not final, this appeal is dismissed.
 I.
On October 28, 1998, Appellee Daniel Horton Jr. filed a suit in the Lorain County Common Pleas Court naming Echoing Lake Residential Homes, Echoing Hills Village, Inc., Daniel H. Swanson and John Bennington[1]
as defendants. Echoing Lake Residential Homes is a health care facility operated by Echoing Hills Village, Inc. (both hereinafter referred to as Echoing Hills). Swanson is an administrator at Echoing Hills. Bennington is a resident of Echoing Hills. Appellee's complaint alleged claims for negligence, breach of fiduciary duty and negligent infliction of emotional distress against Echoing Hills.
Appellants moved the trial court for summary judgment, arguing that Appellee's claims were barred by the applicable statute of limitations. Appellee responded in opposition. On December 9, 1999, the trial court entered summary judgment in favor of Appellants on Appellee's claims for breach of fiduciary duty and negligent infliction of emotional distress. In that same order, the trial court denied the motion for summary judgment as to Appellee's claim for negligence. Thereafter, the trial court amended that order, finding that pursuant to Civ.R. 54(B), there was no just reason for delay. Appellants appealed, asserting one assignment of error.
 II.
As a preliminary matter, this Court must first determine whether it has jurisdiction to hear this appeal. It is well established that an order must be final before it can be reviewed by an appellate court. Section3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02; see, also, GeneralAcc. Ins. Co. v. Insurance Co. of North America (1989), 44 Ohio St.3d 17,20. "If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed."Renner's Welding and Fabrication, Inc. v. Chrysler Motor Corp. (1996),117 Ohio App.3d 61, 64.
Generally, the denial of a motion for summary judgment is not a finaland appealable order. Celebrezze v. Netzley (1990), 51 Ohio St.3d 89,90, certiorari denied (1990), 498 U.S. 967, 112 L.Ed.2d 412. Instead, "[a] trial court's denial of a motion for summary judgment is reviewable on appeal by the movant from a subsequent adverse final judgment." Balsonv. Dodds (1980), 62 Ohio St.2d 287, paragraph one of the syllabus. Stated another way, the denial of a motion for summary judgment is not a final order as contemplated under R.C. 2505.02(B).[2] Moreover, the inclusion of Civ.R. 54(B) language into a judgment entry does not convert an otherwise non-final order into a final and appealable one.Celebrezze, 51 Ohio St.3d at 90.
In the instant case, Appellants' sole assignment of error states that "the trial court erred as a matter of law when it denied Appellants' motion for summary judgment and determined that Horton's negligence claim was viable." In short, Appellants have only challenged the trial court'sdenial of their motion for summary judgment. Moreover, the claims against Bennington remain pending. Despite the trial court's invocation of Civ.R. 54(B), this Court does not have jurisdiction to review a party's challenge to the denial of a motion for summary judgment when singularly launched on appeal. See McCabe/Marra Co. v. Dover (1995),100 Ohio App.3d 139, 160, disapproved on other grounds in (June 26, 1998), Lake County App. No. 97L077, 1998 Ohio App. LEXIS 2929, unreported, at *14, fn. 1, citing Celebrezze, 51 Ohio St.3d at 90.
 III.
Regardless of whether a trial court has included a Civ.R. 54(B) certification, this Court does not have jurisdiction to review a non-final order. Accordingly, this Court does not have jurisdiction to hear the instant appeal.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 ___________________________ BETH WHITMORE
BATCHELDER, P. J., BAIRD, J., CONCUR.
[1] John Bennington was never served with a copy of the complaint. He never entered an appearance in this matter and is not a party to this appeal. However, the claims against him, namely defamation and abuse of process, remain pending.
[2] R.C. 2505.02(B) provides:
 An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 (5) An order that determines that an action may or may not be maintained as a class action.