Because I disagree with the majority's conclusion that the Civ.R. 54(B) certification was improvidently granted, I dissent.
The trial court entered summary judgment in favor of Ranlom, Inc., on Mikulic's counterclaim. Certainly, this order affected a substantial right, Mikulic's right to sue on a contract and for misrepresentation. The order precluded a judgment for Mikulic on his counterclaim. The majority holds, however, that the trial court improvidently certified the order for appellate review.
In Wisintainer v. Elcen Power Strut Co. (1993), 67 Ohio St.3d 352,355, 617 N.E.2d 1136, 1138-1139, the Supreme Court of Ohio set forth the relevant standard of review of a trial court's Civ.R. 54(B) certification:
 In making its factual determination that the interest of sound judicial administration is best served by allowing an immediate appeal, the trial court is entitled to the same presumption of correctness that it is accorded regarding other factual findings. An appellate court should not substitute its judgment for that of the trial court where some competent and credible evidence supports the trial court's factual findings. * * * Likewise, regarding Civ.R. 54(B) certification, where the record indicates that the interests of sound judicial administration could be served by a finding of "no just reason for delay," the trial court's certification determination must stand.
The court here found that no just reason for delay of the appeal existed. I would hold that the trial court's decision is supported by competent, credible evidence. Having narrowed the triable issues by granting summary judgment on Mikulic's counterclaim, the trial court could have reasonably determined that judicial economy would be served by appellate review of the decision to grant summary judgment. The court inWisintainer also held:
 The trial court is most capable of ascertaining whether not granting a final order might result in the case being tried twice. The trial court has seen the development of the case, is familiar with much of the evidence, is most familiar with the trial court calendar, and can best determine any likely detrimental effect of piecemeal litigation. More important than the avoidance of piecemeal appeals is the avoidance of piecemeal trials. It conserves expense for the parties and clarifies liability issues for jurors when cases are tried without "empty chairs."
Wisintainer at 356, 617 N.E.2d at 1138.
If the judgment were reversed on appeal, all of the issues raised in the counterclaim could be included in a trial of the entire dispute. If this court were to uphold the entry of summary judgment, the parties would proceed to trial knowing that they were trying only those issues actually in dispute. Otherwise, if Mikulic had to wait until after the trial on the other issues to appeal the entry of summary judgment against him, this court might hold that summary judgment was improvidently granted, and the entire trial might have to be conducted again. The trial court could have reasonably determined that "the avoidance of piecemeal trials" was more important in this case than "the avoidance of piecemeal appeals." See id.
This court recently considered another case involving a Civ.R. 54(B) certification and held that "[a]n order fully disposing of a counterclaim and entered pursuant to a determination and direction under Rule 54(B) is appealable as a final decision * * *." See American Process Design v. DeBoer
(Oct. 30, 1998), Hamilton App. No. C-971045, unreported, quoting 6 Moore, Federal Practice (2 Ed. 1986), 54-226 to 54-229, as cited in Noble v. Colwell (1989), 44 Ohio St.3d 92,540 N.E.2d 1381. Therefore, I dissent from the majority's determination that Civ.R. 54(B) certification was improvidently granted. I would uphold the trial court's certification and address the merits of the appeal.
To the Clerk:
Enter upon the Journal of the Court on February 5, 1999 per order of the Court _____________________. Presiding Judge