Valerie Barrett, Maxine Duffy, M. Diane Henry, Christine Krecisz, Rosemary McCauley and Geraldine Trowbridge, all residents of the Parkway Place Condominium Association; appeal from a decision of the Cuyahoga County Common Pleas Court granting summary judgment in favor of three officers of that condominium association: Mary Easte, the President; Doris Dray, the Secretary; and Susan Sosnick, the Treasurer, all of whom had been sued individually and not in their representative capacities.
The residents complain on appeal that the trial court erred by not adjudicating all pending claims; by permitting the officers to use condominium fees to hire legal counsel; by determining that Sosnick could be compensated as a bookkeeper for the association; and by failing to consider the resident's preliminary injunction request and by striking the resident's cross-motion for summary judgment.
After carefully considering these assignments of error and the record presented to us, we have concluded that the trial court has not finished adjudicating all of the issues presented, specifically the matter of the preliminary injunction regarding incorporation of the condominium association. Hence, we do not have a final appealable order presented for review, and thus, we are constrained to dismiss this appeal.
The history of the case reveals that Easte, Dray and Sosnick served as officers of the Association at all times relevant to this case. Further, the record demonstrates that in addition to her duties as Treasurer, Sosnick served as the Association's bookkeeper from 1989-1996 and had been compensated for this service except for a period of about one year from February 1994 to January 1995, while she lived in Florida. During that period, Condominium A Management, Inc. assumed her duties and received compensation as well.
The record further reveals that the instant dispute began at the April, 1995 annual board meeting when some residents questioned the board's action in unilaterally retaining Arthur Foth as counsel for the Association in connection with a suit the residents had filed against the Board. In March, 1996, the residents voluntarily dismissed that case.
However on August 22, 1996, the residents filed another complaint seeking an accounting and declaratory relief. The trial court held a case management conference and at that time, established a dispositive motion deadline of June 30, 1997. In compliance with the trial court's order, the officers filed their motion for summary judgment on May 30, 1997. The residents sought leave to respond to the summary judgment and to file dispositive motions until June 30, 1997, and the court granted that request.
The residents then requested a second leave to respond to the summary judgment until July 18, 1997, and the court also granted that request.
On July 18, 1997, in conformity with their requested leave, the residents filed their response to the officers' motion for summary judgment and also filed their own cross-motion for summary judgment.
Then on September 18, 1997, the residents filed a motion for temporary restraining order and also sought a preliminary injunction to prevent Foth from proceeding with the incorporation of the Condominium Association. On September 22, 1997, the court denied the temporary restraining order and scheduled a hearing on the preliminary injunction for October 9, 1997. On October 28, 1997, the court had granted the officers' motion for summary judgment, struck their cross-motion for summary judgment as untimely filed, and dismissed the case, marking its entry as a final order. The next day, the court journalized a new order, which it filed on November 4, 1997, continuing the hearing on the preliminary injunction until November 5, 1997. The residents now appeal from the October 28, 1997 summary judgment ruling and raise the following five assignments of error for our review:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEES WITHOUT COMPLETELY ADDRESSING APPELLANTS' COMPLAINT FOR DECLARATORY RELIEF.
 II. THE TRIAL COURT ERRED IN ALLOWING THE APPELLEES TO BENEFIT AT THE EXPENSE OF THE ASSOCIATION BY USING ARTHUR FOTH AS THEIR COUNSEL AGAINST THE ASSOCIATION.
 III. THE TRIAL COURT ERRED WHEN IT DECIDED THAT APPELLEE SUSAN SOSNICK WAS ENTITLED TO RECEIVE COMPENSATION AND/OR THAT APPELLANTS WAIVED AND/OR RATIFIED OFFICERS' CONDUCT IN PAYING SUSAN SOSNICK.
 IV. THE TRIAL COURT ERRED IN FAILING TO ADDRESS APPELLANTS' APPLICATION FOR A PRELIMINARY INJUNCTION.
 V. THE TRIAL COURT ERRED WHEN IN (SIC) FAILED TO PERMIT APPELLANTS TO ASSERT SUMMARY JUDGMENT IN THEIR OWN RIGHT IN RESPONSE TO APPELLEE'S CIVIL RULE 56 MOTION; UNDER APP. R. 12 (B) JUDGMENT SHOULD BE RENDERED FOR APPELLANTS.
The predicate to appellate review is the existence of a final appealable order. Relevant to this determination, Civ.R. 54 (B) provides in part:
 The court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties * * *. (Emphasis added.)
In Noble v. Colwell (1989). 44 Ohio St.3d 92, the court concerned itself with a trial court order which did not resolve the defendants' counterclaims. The Ohio Supreme Court found no final appealable order existed and stated in its syllabus:
 An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirement of R.C. 2505.02
and Civ.R. 54 (B)in order to be final and appealable.
In this case, the record reflects that the trial court issued a final order of summary judgment on October 28, 1997. The next day, on October 29, 1997, the court entered an order scheduling a hearing on the preliminary injunction which suggests that the court intended to adjudicate those claims on November 5, 1997. The record is silent as to what, if any, action the court undertook on that day. On November 25, 1997, however, the residents filed a notice of appeal from the October 28, 1997 order of summary judgment, which deprived the court of jurisdiction to act on the pending injunction. Since the court cannot adjudicate the preliminary injunction matters because of the filing of this appeal, and those issues remain pending in the trial court, the appeal from the summary judgment is an appeal from an adjudication of fewer then all the claims pending in the trial court and is not a final appealable order. Therefore, we are required to dismiss this appeal and remand this case to the trial court to permit adjudication of those pending claims.
Appeal dismissed and matter remanded for further proceedings.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY. J. and __________________________
ANNE L. KILBANE. J. CONCUR __________________________ _________________ PRESIDING JUDGE TERRENCE O'DONNELL
N.B. This entry is an announcement of the court's decision. See App. R. 22 (B), 22 (D) and 26 (A); Loc. App. R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App. R. 22 (E) unless a motion for reconsideration with supporting brief, per App. R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App. R. 22 (E). See, also S.Ct.Prac.R. II, Section 2 (A) (a)