JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Intervening plaintiff-appellant, AGA Gas, Inc. ("AGA"), appeals the decision of the Hamilton County Court of Common Pleas denying its motion to enjoin a settlement between defendant-appellee, Willard Industries, Inc. ("Willard"), and plaintiffs-appellees, Bonnie L. Wolf, Donald Heileman, and Diane Heileman. Because we hold that the decision did not constitute a final appealable order, we dismiss the appeal.
Curtis Wolf and Donald Heileman were seriously injured at a foundry operated by Willard. At the time of their injuries, both men were employed by AGA. Curtis Wolf ultimately died from his injuries. Curtis Wolf's widow, Bonnie L. Wolf, and the Heilemans filed an action against Willard, Shamrock Engineering Co., Inc., and Inductotherm Industries, seeking recovery for the injuries.
Meanwhile, AGA, a self-insured employer under the state's workers' compensation system, had paid substantial workers' compensation benefits to Bonnie L. Wolf and to the Heilemans. AGA was therefore granted the right to intervene in the action against Willard, Shamrock, and Inductotherm so that it could pursue its subrogation rights against those companies for the workers' compensation benefits paid to the original plaintiffs.
Shortly before the case was to proceed to trial, Willard entered into a settlement with Bonnie L. Wolf and the Heilemans. None of the other defendants was involved in the settlement. AGA filed a motion to enjoin the settlement pursuant to R.C. 4123.19 and 4123.191, asserting that it had a right to a share of the settlement proceeds as a statutory subrogee.
The trial court denied AGA's motion to enjoin the settlement and expressly refused to certify that there was no just reason for delay under Civ. R.54(B). AGA filed a notice of appeal from the trial court's denial of the motion. Willard, the Heilemans, and Bonnie L. Wolf filed a motion to dismiss the appeal on the basis that the denial of the motion was not a final appealable order.
An order adjudicating one or more but fewer than all of the claims or the rights and liabilities of fewer than all of the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) to be final and appealable.[1] Thus, we look first to whether the requirements of R.C. 2505.02 were met in the case at bar.
AGA claims that the trial court's order was final pursuant to the provisions of R.C. 2505.02(B)(4), which provides that the denial of a "provisional remedy"[2] is a final order if (a) the order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy, and (b) the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all claims.
We hold that the denial of AGA's motion does not fall within the ambit of R.C. 2505.02(B)(4). Assuming arguendo that the request for injunctive relief was a "provisional remedy" as AGA has characterized it, and that the denial of the motion determined the action with respect to the provisional remedy, we must nonetheless conclude that AGA's interests would be effectively protected by an appeal following final judgment. The trial court's denial of the motion did not extinguish AGA's subrogation rights against the third-party tortfeasors; it merely denied AGA's attempt to enjoin the settlement between Willard and the plaintiffs so that AGA could assert its subrogation rights at that time. AGA's subrogation rights against Willard and the other defendants remain viable and were in no manner prejudiced by the trial court's denial of the motion. Thus, we hold that the order in the case at bar is not a "final order" within the meaning of R.C. 2505.02.[3]
Having held that the trial court's order does not meet the requirements for finality under R.C. 2505.02, we need not address AGA's contention that Civ.R. 54(B) was inapplicable. Because the denial of AGA's motion was not a final order pursuant to R.C. 2505.02, we hereby dismiss the appeal.
Further, a certified copy of this Judg-ment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on October 20, 1999 per order of the Court _______________________________.
 ________________________ Presiding Judge
[1] Noble v. Colwell (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381, syllabus.
[2] A "provisional remedy" is defined in R.C. 2505.02(A)(3) as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence."
[3] See, generally, Ballville Twp. Bd. of Trustees v. Beesken (May 21, 1999), Sandusky App. No. S-98-053, unreported.