[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, Doris E. Klaene, was severely injured during the course of her employment with defendant-appellee, the Metropolitan Sewer District ("MSD"). She filed a complaint against MSD and defendants-appellees, the city of Cincinnati and the Hamilton County Board of Commissioners, alleging that they had committed an intentional tort against her. The trial court granted appellees' motion to dismiss the complaint on the ground that they were immune from liability pursuant to R.C. Chapter 2744.
On appeal, Klaene argues that the trial court erred in granting appellees' motion to dismiss. We would be inclined to overrule this assignment of error, based on our previous decision in Engleman v.Cincinnati Bd. of Edn. (June 22, 2001), Hamilton App. No. C-000597, unreported, in which we held that a political subdivision was immune from liability under R.C. Chapter 2744 for an intentional-tort claim. See, also, Chase v. Brooklyn City Sch. Dist. (2001), 141 Ohio App.3d 9,749 N.E.2d 798; Fabian v. Steubenville (Sept. 28, 2001), Jefferson App. No. 00 JE 33, unreported; Marcum v. Rice (July 20, 1999), Franklin App. Nos. 98AP-717, 98AP-721, 98AP-718 and 98AP-719, unreported; Ellithorp v.Barberton City Sch. Dist. Bd. of Edn. (July 9, 1997), Summit App. No. 18029, unreported.
However, we cannot reach the issue because we hold that we are without jurisdiction to consider the appeal. Klaene's complaint set forth products-liability claims against the defendants, John Doe and XYZ Corporation, the unknown manufacturer of the apparatus that caused her injuries. The claims against those defendants are still pending. The trial court did not dispose of them in its entry granting appellees' motion to dismiss, and the entry did not contain a certification pursuant to Civ.R. 54(B) that "there is no just reason for delay." Consequently, the entry is not a final, appealable order. This court has no jurisdiction to hear the appeal, and it is therefore dismissed. See Noblev. Colwell (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381, syllabus; Johnsonv. Lenox Inn (Aug. 18, 1993), Fairfield App. No. 14-CA-93, unreported;Jackson v. Plainville Concrete, Inc. (Dec. 4, 1991), Hamilton App. No. C-900787, unreported. But, see, Ramos v. Ruffin (Dec. 23, 1998), Lorain App. No. 97CA006925, unreported.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Winkler, JJ.