DECISION.
In September 1998, plaintiffs-appellants International Managed Care Strategies, Inc. ("IMCS") and S S Healthcare Strategies, Ltd. ("S S") filed a complaint against defendants-appellees Franciscan Health Partnership ("Franciscan"), Ohio Heritage Life and Health Insurance Co, Inc. ("Ohio Heritage"), The Scheur Management Group, Inc. ("Scheur Management"), and Barry Scheur ("Scheur"). The first and second counts in the complaint raised tort claims against Franciscan, Ohio Heritage, Scheur Management, and Scheur; the third count contained a breach-of-contract claim against Ohio Heritage; and the fourth count contained a breach-of-contract claim against Franciscan. Specifically, in count one, IMCS and S S alleged tortious interference in a contract with Catholic Health Care Network ("CHCN"), tortious interference in a prospective contract with CHCN, defamation, and conspiracy. In count two, IMCS and S S alleged tortious interference in a contract with Community Health Partners ("CHP"), tortious interference in a prospective contract with CHP, defamation, and conspiracy. In count three, S S alleged that Ohio Heritage had breached an administrative agreement that S S and Ohio Heritage had entered into on August 6, 1996, effective until August 5, 1998. In count four, IMCS alleged that Franciscan had been unjustly enriched and had breached a management agreement that the two parties had entered into on June 14, 1996, which was extended by a "memorandum of understanding" until April 26, 1998.
Franciscan and Ohio Heritage filed a counterclaim, arguing that IMCS had breached the terms of the management agreement with Franciscan, that S S had breached the terms of the administrative agreement with Ohio Heritage, that IMCS and S S had breached their obligations undertaken in the memorandum of understanding, and that IMCS and S S had committed fraud, breached their fiduciary duties, and converted assets for their own use.
Before trial, Franciscan and Ohio Heritage filed a motion for partial summary judgment on the tort claims in the first count, and then later filed a second motion for partial summary judgment on the contract claims in the third and fourth counts. Scheur Management and Scheur also filed a motion for summary judgment on the first count. IMCS and S S filed a consolidated memorandum in opposition to the motions for summary judgment.
Upon consideration of the motions for summary judgment and the consolidated memorandum in opposition, the trial court entered summary judgment for Franciscan, Ohio Heritage, Scheur Management, and Scheur and dismissed the following claims with prejudice: (1) all of the tort claims asserted against Franciscan, Ohio Heritage, Scheur Management, and Scheur in count one; (2) the contract claim "accruing after September 6, 1998, and damages regardless of the date of accrual * * *" asserted against Ohio Heritage in count three; and (3) the contract claim asserted against Franciscan in count four. IMSC and S S have appealed from that entry of dismissal.
IMCS and S S assert two assignments of error. In the first assignment of error, IMCS and S S allege that the trial court erred in granting summary judgment on the tort claims. In the second assignment of error, IMCS and S S allege that the trial court erred in granting summary judgment on the contract claims. For the following reasons, we conclude that we lack jurisdiction over this appeal.
We may only review final orders or judgments of inferior courts within our jurisdiction. This case involves multiple claims and multiple parties. An order adjudicating one or more but fewer than all of the claims or rights and liabilities of fewer than all of the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) to be final and appealable.[1]
We first consider whether the order appealed from is "final." Pursuant to R.C. 2505.02(B)(1), an order is "final" if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." Summary judgment was granted to Franciscan, Ohio Heritage, Scheur Management, and Scheur on the tort claims in count one, to Ohio Heritage on the contract claim in count three, and to Franciscan on the contract claim in count four. But that judgment did not address the tort claims alleged in count two or the counterclaims asserted by Franciscan and Ohio Heritage against IMCS and S S for breach of contract. Although the judgment "affect[ed] a substantial right," it did not in effect determine the action or prevent a judgment as to Franciscan and Ohio Heritage due to the remaining counterclaims asserted by Franciscan and Ohio Heritage. Moreover, while the trial court indicated in its opinion that the tort claims in count two had been voluntarily withdrawn by IMCS and S S, there is nothing in the language of the order or in the record indicating that count two had been withdrawn or that the complaint had been amended. Without more, the tort claims in count two are still pending. Thus, the entry of summary judgment is not a final order.
Even if there was no problem with finality, where, as here, the trial court enters judgment as to fewer than all the claims or all of the parties in a multi-claim, multi-party case, this court has no jurisdiction to entertain an appeal from that judgment in the absence of the trial court's determination that, pursuant to Civ.R. 54(B), "there is no just reason for delay." Civ.R. 54(B) certification cannot transform a nonfinal order into an appealable order,[2] but it can render appealable a final order entered in an action involving multiple claims or parties, when that order adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties.[3] The general purpose of Civ.R. 54(B) is to avoid piecemeal litigation.[4]
The record reflects that the court included the Civ.R. 54(B) language in its entry. But, having reviewed the counterclaims, we hold that the contract claims asserted against IMCS and S S are inextricably linked to the underlying contract claims brought by IMCS and S S in counts three and four of the complaint. Where claims arise from the same alleged conduct, they are inextricably intertwined and not appealable despite Civ.R. 54(B) certification.[5] The counterclaims in this case arise out of the management and administrative contracts, which were the basis of the claims raised by IMCS and S S in counts three and four of their complaint. Accordingly, judicial economy demands that the counterclaims be finally adjudicated before we can assume jurisdiction of this appeal on the contract claims.
As for the tort claims, we further hold that they all arise from the same alleged conduct by Franciscan, Ohio Heritage, Scheur Management, and Scheur: the claims have the same legal predicates involving tortious interference with a contract, tortious interference with a prospective contract, defamation, and conspiracy. And the tort claims have common factual issues: whether agents of Franciscan, Ohio Heritage, Scheur and Scheur Management had informed Catholic Health Care Network and Community Health Partners that IMCS and S S had purportedly engaged in fraudulent services with respect to their involvement with Ohio Heritage, and that they were being investigated by the Ohio Department of Insurance. Thus, while the tort claims are related to a potential or actual loss of business with two separate organizations, the complaint clearly indicates that the facts and legal issues set forth in the first and second counts are inextricably intertwined, and judicial economy demands that the tort claims in count two be decided before we can assume jurisdiction over the appeal.
Because Civ.R. 54(B) was not properly used in this case, and the trial court's judgment otherwise lacks finality, this appeal is sua sponte dismissed.
Appeal dismissed.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] See Noble v. Colwell (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381, syllabus.
[2] See id. at 96.
[3] See Wisintainer v. Elcen Power Strut Co., 67 Ohio St.3d 352,354-355, 1993-Ohio-120, 617 N.E.2d 1136.
[4] See Noble v. Colwell, supra, at 96.
[5] See Ollick v. Rice (1984), 16 Ohio App.3d 448, 452,476 N.E.2d 1062.