[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] The appeals have been sua sponte consolidated by this court under case number C-010733.
 JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Plaintiff-appellant/cross-appellee Paul Neagle filed an amended complaint against defendant-appellee John Wallace and defendant-appellee/cross-appellant Lauren Wallace for breach of contract, detrimental reliance, unjust enrichment, and specific performance. Prior to trial, Neagle withdrew his request for specific performance. The case was tired to the bench. The trial court held in favor of Lauren and John Wallace on count one, finding that there was no enforceable real-estate contract. But the trial court held in favor of Neagle on count two, finding that Neagle had detrimentally relied on Lauren Wallace's representations and it awarded Neagle damages for a home inspection, a termite inspection, and loan-application fees. The trial court did not award attorney fees and charged Neagle with court costs. The court also overruled Neagle's motion, made during closing argument, to amend the pleadings to include a claim of fraud.
{¶ 3} Both Neagle and Lauren Wallace appeal from the trial court's judgment. Before addressing the merits of their appeals, we sua sponte consider a threshold jurisdictional question. Ohio law provides that courts of appeals in this state have jurisdiction to review only the final orders or judgments of inferior courts within their district.[2]
An order adjudicating one or more but fewer than all of the claims or the rights and liabilities of fewer than all of the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) to be final and appealable.[3]
{¶ 4} We first consider whether the order appealed from is "final" as defined under R.C. 2505.02. This case involved multiple claims against multiple parties. Here, the trial court entered judgment on claims for breach of contract and detrimental reliance against Lauren and John Wallace, and it dismissed all claims against John Wallace. But the parties disagree about how the court dealt with the unjust-enrichment claim against Lauren Wallace. Lauren Wallace maintains that the trial court ruled in her favor on the unjust-enrichment claim, while Neagle is unclear about what the trial court ruled on.
{¶ 5} A claim of detrimental reliance is grounded in the equitable doctrine of promissory estoppel, which has been defined in this manner: "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."[4] In contrast, a claim for unjust enrichment, while equitable in origin, depends upon a showing that the plaintiff conferred a benefit on the defendant without receiving just compensation for that benefit.[5]
{¶ 6} Clearly, claims for unjust enrichment and detrimental reliance require dissimilar findings, and, in his complaint in this case, Neagle sought different remedies for the claims. Since the trial court found that there was no contract in existence, Neagle's alternative claim for unjust enrichment remained viable.[6] Consequently, because the court's resolution of the claims for detrimental reliance and breach of contract did not dispose of the unjust- enrichment claim against Lauren Wallace, we hold that the trial court did not enter a final judgment as to Lauren Wallace.
{¶ 7} When, as here, the trial court enters judgment as to fewer than all of the claims and all of the parties in a multi-claim, multi-party case, there is no jurisdiction to entertain an appeal from that judgment unless the trial court certifies, pursuant to Civ.R. 54(B), that "there is no just reason for delay." The trial court made no such certification in this case. Accordingly, we dismiss this appeal.
{¶ 8} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Gorman and Sundermann, JJ.
[2] See, generally, Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02.
[3] See Noble v. Colwell (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381, syllabus.
[4] McCroskey v. State (1983), 8 Ohio St.3d 29, 30, 456 N.E.2d 1204
(quotations omitted).
[5] See Weiper v. W.A. Hill Assoc. (1995), 104 Ohio App.3d 250,261, 661 N.E.2d 796.
[6] See id. at 262.