JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Nationwide Mutual Insurance Company, appeals from the trial court's judgment entry awarding judgment in favor of the plaintiff-appellee, Barbara Ann Summers, and an entry denying Nationwide's motion for relief from judgment. For the reasons that follow, we dismiss.
Substantive Facts and Procedural History
 {¶ 2} Mrs. Summers claimed that during a rainstorm on October 1, 1999, a tree limb fell on her Chagrin Falls home causing such substantial damage to the structure, its interior and furnishings that she and her husband were forced to live elsewhere while the home was being repaired.
 {¶ 3} Mrs. Summers was insured under a "Golden Blanket Homeowners' Policy" issued to her by Nationwide, which policy was in force on the date of the loss. A claim was made under this policy, and the parties stipulated that Nationwide paid Mrs. Summers a total of $64,139.78 for her dwelling, personal property, and alternative living expenses claims; however, Mrs. Summers claimed additional unpaid losses which were not paid by Nationwide. Mrs. Summers filed her complaint against Nationwide Mutual Insurance Company on May 24, 2002, setting forth her property loss claims and demand for an appraisal pursuant to the terms of the Nationwide policy, as well as her claims for bad faith, invasion of privacy, and intentional infliction of emotional distress.
 {¶ 4} On October 10, 2002, the trial court bifurcated and stayed any action *Page 4 
on the bad faith and other tort claims and ordered the case to proceed first on Mrs. Summers' property damage claim. The trial court held that only after the property damage claim had been adjudicated would the case proceed on the bad faith claim, if necessary.
 {¶ 5} On October 31, 2002, the court held that the property damage portion of the case would be resolved pursuant to the appraisal provision of the policy. The court ordered both parties to retain an independent appraiser and to instruct those individuals to cooperate in the selection of a neutral umpire. Mrs. Summers appointed Bill Bridge as her appraiser, and Nationwide appointed Howard Mormon. The appraisers were to "set the amount of the loss" pursuant to the policy language.
 {¶ 6} On January 3, 2003, the trial court chose an umpire for the appraisal, and thereafter a series of umpires were appointed and resigned. Finally, Umpire George Coakley was selected, and on September 30, 2004, the court determined that the case would be removed from the active docket during the appraisal, subject to reactivation upon motion from either party.
 {¶ 7} The appraiser conducted an inspection, reviewed written submissions, and conducted a hearing before a court reporter over a three-day period. A full transcript of the hearing was compiled and filed with the court. The "Appraiser Award" set forth in the "Appraisal Award and Analysis" signed *Page 5 
by Umpire Coakley and Mr. Morman, only, set the amount of the loss at $47,947.73. The policy did not require unanimity of the three appraisers.
 {¶ 8} On June 21, 2005, Umpire Coakley sent the appraisal award to the parties' counsel, and on July 28, 2005, Nationwide filed it with the trial court. On that same day, Nationwide also filed a counterclaim alleging breach of contract, unjust enrichment, and/or equitable principles. The counterclaim sought reimbursement of amounts paid in excess of the appraisal award. Mrs. Summers filed objections to the findings of the umpire.
 {¶ 9} On September 1, 2005, Nationwide filed a motion to strike plaintiff's objections to the report and findings of the umpire. Multiple briefs addressing Mrs. Summers' objections to the award, as well as Nationwide's motion to strike, were also filed, and the lower court issued its February 14, 2008 judgment entry addressing these pleadings. In that entry the trial court found that the objections were not well-taken, and the court further determined, "upon agreement with the appraisal as to the amount of the loss, and as a matter of law pursuant to the contract on all claims" in Mrs. Summers' favor in the sum of $47,947.73.
 {¶ 10} Nationwide filed a motion to correct a "clerical error" in the judgment entry, asserting that the trial court failed to deduct the payments advanced to Mrs. Summers. That motion was denied, Nationwide timely appealed both rulings, and this court consolidated both appeals pursuant to *Page 6 
Loc. R. 3(C)(1).
 {¶ 11} Nationwide advances two assignments of error. The first is that "[t]he trial court erred in failing to deduct from the damages awarded to Summers, the stipulated payments made by Nationwide on the plaintiff's claims. The trial court should have entered judgment for Nationwide in the amount of $16,192.05." Its second assignment of error asserts that "[t]he trial court erred in failing to grant Nationwide's motion for relief from judgment and in failing to enter judgment for Nationwide in the amount of $16,192.05."
Final Appealable Order
 {¶ 12} Appellate jurisdiction is expressly limited to review of "final orders." Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.03. Before addressing appellant's assignments of error, we must first determine whether there is a final appealable order, in accordance with R.C. 2505.02 and Civ. R. 54(B).
 {¶ 13} R.C. 2505.02(B) states:
 "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 "(3) An order that vacates or sets aside a judgment or grants a new trial; *Page 7 
 "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 "(5) An order that determines that an action may or may not be maintained as a class action. ***" (Emphasis added.)
 {¶ 14} It is well settled that "an order which adjudicates one or more but fewer than all the claims or rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ. R. 54(B) in order to be final and appealable." Noble v. Colwell (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381, syllabus.
 {¶ 15} Civ. R. 54(B) provides:
 "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however *Page 8 
designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
While the February 14th entry states that "upon agreement with the appraisal as to the amount of the loss, and as a matter of law pursuant to the contract, judgment is entered in this matter on all claims" in Mrs. Summers' favor in the sum of $47,947.73, it does not dispose of the bad faith, invasion of privacy, and intentional infliction of emotional distress claims. (Emphasis added.) The trial judge's monetary award only concerns the amount of the property damage loss and is not broad enough to cover the remaining claims. The bad faith, invasion of privacy, and emotional distress claims were never addressed by the lower court. Those claims remain pending in the trial court.
 {¶ 16} Finally, neither the February 14th entry nor the March 28th entry denying Nationwide's motion to correct clerical error pursuant to Civ. R. 60(A) contains the Civ. R. 54(B) "no just cause for delay" language; thus, we find that neither judgment entry is a final appealable order pursuant to R.C. 2505.02 and Civ. R. 54.
 {¶ 17} Accordingly, we hereby dismiss appellant Nationwide's appeal for *Page 9 
lack of any final appealable order.
Appeal dismissed. It is ordered that appellee recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, P.J., and JAMES J. SWEENEY, J., CONCUR. *Page 1