OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff-appellant Jamel A. Smith appeals from the June 13, 2003, Judgment Entry of the Stark County Court of Common Pleas which dismissed some of the defendants from this civil suit.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 28, 2003, plaintiff-appellant Jamel A. Smith [hereinafter appellant], acting pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, against numerous defendants alleging that his civil rights were violated as a result of his arrest on March 7, 2002. Subsequent to the original complaint, appellant filed two amended complaints.
 {¶ 3} In the original complaint, appellant named defendants Thomas W. Wyatt, Canton Chief of Police and Canton Police Officers Flaherty, Diels, and Pierson, all in their individual and official capacities. In the first amended complaint, appellant named the following additional parties as defendants: City of Canton, Canton City Manager, Canton Civil Service Commission, Mayor of Canton, Canton Director of Public Safety, Canton Law Director, Canton Assistant Law Director, Canton Director of Civil Service, Canton Police Department, John H. Frieg, Esq., The Honorable Judge Sara E. Lioi, Assistant Prosecutor Charlene Hardy and Mercy Medical Center. Appellant named no additional defendants in the second amended complaint.
 {¶ 4} On April 24, 2003, the City of Canton entities named as defendants in the first amended complaint filed a Civ. R. 12(B)(6) motion to dismiss.[1] On May 16, 2003, the trial court granted the motion to dismiss. The suit against the parties named in the original complaint continued to be pending. The entry did not contain Civ. R. 54(B) language indicating that "there is no just reason for delay."
 {¶ 5} It is from this May 16, 2003, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 6} "I. That appellant smith's fourth constitution amendment was violated when he was charged with possession cocaine when he was handcuffed and placed in the rear of the police vehicle at time cocaine were found in (jane doe) backyard [sic.]
 {¶ 7} "II. That appellant smith's fifth constitution amendment was violated when he was hit by a canton police vehicle when he was on foot: rammed through (jane doe) wooden fence: and wasn't taken to the hospital several hours later. [sic]
 {¶ 8} "III. That appellant smith's eighth constitution amendment was violated when he denied immediate medical treatment at the crime scene when he was hit by a canton police vehicle when he was on foot: rammed through (jane doe) wooden fence: and was denied medical treatment at the canton police department for several hours. [sic]
 {¶ 9} "IV. That appellant smith's fourteenth constitution was violated when the city of canton, canton city manager, canton civil service commission, mayor of canton, canton director of public safety, canton law director, canton assistant law director, canton director of civil service and canton police department failed to protect appellant smith from the police vehicle that was used in the attempted to murder the appellant smith." [sic]
 {¶ 10} Before addressing the merits of appellant's arguments, we note that when jurisdiction appears unclear, a court of appeals should raise issues of jurisdiction sua sponte. In re Estate of Geanangel,147 Ohio App.3d 131, 134, 2002-Ohio-850, 768 N.E.2d 1235. Thus, before considering the merits, we shall consider whether this court has jurisdiction over appellant's appeal.
 {¶ 11} Ohio law provides that appellate courts have jurisdiction to review only the final orders or judgments of inferior courts in their district. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed.
 {¶ 12} To be final and appealable, an order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B). Civil Rule 54(B) states as follows:
 {¶ 13} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 14} Thus, Civ. R. 54(B) makes mandatory the use of the language, "there is no just reason for delay." Where multiple claims and/or multiple parties exist and not all have reached final judgment, without the Civ. R. 54(B) language, the order is subject to modification and is neither final nor appealable. Noble v. Colwell (1989), 44 Ohio St.3d 92,540 N.E.2d 1381.
 {¶ 15} The Judgment Entry appealed from does not determine the matter as to all parties. The matter is resolved in regard to some of the parties only. Claims continue to be pending against the remaining named defendants. The Entry does not contain the required language of Civ.R. 54(B) that "there is no just cause for delay." Having failed to meet the requirements of Civ.R. 54(B), we find the Judgment appealed from is not a final appealable order. Accordingly, this court has no jurisdiction to hear appellant's appeal.
 {¶ 16} Thus, the appeal is dismissed for want of jurisdiction and remanded to the Stark County Court of Common Pleas for further proceedings consistent with law and this opinion.
Edwards, J., Gwin, P.J. and Boggins, J. concur
For the reasons stated in our accompanying Memorandum-Opinion on file, the within appeal is dismissed for want of jurisdiction and this case is remanded to the trial court for further proceedings. Costs assessed to appellant.
[1] By separate judgment entries, the trial court has dismissed defendants John H. Frieg, Esq., the Honorable Judge Sara E. Lioi, Assistance Prosecutor Charlene Hardy and Mercy Medical Center from the civil suit.