OPINION
{¶ 1} On November 24, 2004, RR Painting Co., Inc. ("RR") commenced the action underlying this appeal against G.A. White Enterprises Custom Homes, Inc. ("White"), on claims for breach of contract and unjust enrichment. White answered on January 8, 2004, and also filed a counterclaim against RR alleging a failure to perform the work which is the subject of RR's claims in a workmanlike manner.
 {¶ 2} RR is a painting contractor. White is a home builder. They entered into a written contract providing that RR would perform certain work. RR performed the work. White then inquired about and/or requested additional work, which RR also performed.
 {¶ 3} White paid RR the full price for which their written contract provided. When RR requested payment for the additional work, White paid part of RR's bill but refused to pay the balance of the amount requested, claiming that the work was covered by their written agreement, for which RR was paid in full, and that the work RR had performed pursuant to their written agreement was defective.
 {¶ 4} The case proceeded to trial. The court found no breach of contract by White because it had not agreed to the additional work RR performed. The court also found the evidence was insufficient to support RR's claim that White was unjustly enriched by RR's performance of that additional work. Concerning White's counterclaim, the court agreed that RR's work was substandard, but that White had failed to prove an amount of damages. The court concluded its findings by stating: "The court therefore issues Judgment in favor of neither party in this case, and charges costs to the Plaintiff. It So Ordered." (Judgment Entry, November 23, 2004), p. 4). The judgment entry also bears the court's notation: "This Is A Final Appealable Order."
 {¶ 5} The court's notation triggered the service requirements which Civ. R. 58(B) imposes on the clerk. Even so, an order is not appealable unless by its nature it is final, and it is final only if it satisfies the relevant definitional requirements of R.C. 2505.02. Most importantly from our perspective, we lack jurisdiction to review an order or judgment unless it is final. Noble v. Caldwell (1989), 44 Ohio St.3d 92. We find that is the case here.
 {¶ 6} Civ. R. 58(A) states:
 {¶ 7} "Subject to the provisions of Rule 54(B), upon a general verdict of a jury, upon a decision announced, or upon the determination of a periodic payment plan, the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal. A judgment is effective only when entered by the clerk upon the journal."
 {¶ 8} Civ. R. 54(A) provides that the term "`[j]udgment' as used in these rules includes a decree and any order from which an appeal lies as provided in section 2505.02 of the Revised Code." R.C. 2505.02(B)(1) states that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is . . . [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment."
 {¶ 9} By not entering judgment in favor of either party on their respective claims for relief, the action the court took affected the substantial right each has to the relief it requested. However, that disposition did not also terminate the action as to either party on its claims, which is necessary to prevent a judgment for or against the party on the relief it had requested. Therefore, the judgment entry is not a final, appealable order, and we lack jurisdiction to review it. Lacking jurisdiction, neither may we remand the case pursuant to App. R. 27 for execution of a judgment or order which is final. Our only recourse is to dismiss the appeal.
 {¶ 10} When the trial court does issue a final judgment for or against either party on its claims for relief or those of the adverse party, either may take an appeal from it. In that event, we encourage the appellant to seek an expedited review per Loc. App. R. 2.8(B). The briefs may be refiled in that proceeding, if the parties so desire.
Donovan, J. And Young, J., concur.
Hon. Frederick N. Young, Retired from the Court of Appeals, Second District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.