JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Craig Latsa ("Latsa"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we dismiss this appeal.
 I. {¶ 2} According to the case, Latsa is appealing from a foreclosure action filed by plaintiff-appellee, Chase Mortgage Service, Inc. ("Chase"), on April 8, 2002. On July 7, 2003, the trial court granted Chase's judgment and decree in foreclosure. The property was scheduled for sheriff's sale on September 7, 2004. On September 14, 2004, Joseph and Theodora Coffaro, the third-party purchasers, filed a motion for extension of time for payment of funds. The trial court ordered the sale to be confirmed on September 21, 2004. On the same day, the trial court granted purchasers' motion for continuance to pay the balance of the funds until November 8, 2004.
 {¶ 3} Latsa filed a notice of appeal on November 30, 2004. On December 3, 2004, this court, sua sponte, dismissed Latsa's appeal as untimely, pursuant to App.R. 4(A). Latsa also filed a second motion for relief from prior decree judgment and to set aside and vacate decree of confirmation, which was denied by the trial court on December 9, 2004. Latsa filed this second notice of appeal on December 17, 2004.
 {¶ 4} The issues and assignments of error raised in Latsa's brief arise, for the most part, from the trial court's granting of the third-party purchasers' motion for extension of time for payment of funds. Latsa argues that it was a denial of his due process rights for the court to grant the purchasers' motion, which was never served on him.
 {¶ 5} Latsa is appealing from the lower court's December 9, 2004 journal entry. The trial court's journal entry states the following:
"Motion of the defendant Craig Latsa for relief from prior decree/judgment and to set aside and vacate decree of confirmation is denied. There is no legal basis cited by the defendant to vacate the judgment and the decree of foreclosure. The sheriff's sale held on September 7, 2004, was made in all respects in conformity to law and was properly confirmed on September 21, 2004, pursuant to R.C. 2329.31. The balance of funds was due from the successful purchaser at sheriff's sale on October 7, 2004 (see local Rule 27). Prior to the expiration of the thirty days, the court granted the purchaser until November 8, 2004 to pay the balance of funds. The court has discretion to grant a successful purchaser an extension of time to pay in the balance of funds to the sheriff. Civil Rule 6(B) allows that `when by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion without motion or notice order the period enlarged if requested therefore is made before the expiration of the period originally prescribed or as extended by a previous order.' The balance of funds was paid on November 6, 2004."
 II. {¶ 6} Appellant's first assignment of error states the following: "Purchaser filed a sham document that was given full consideration contrary to law."
 {¶ 7} Appellant's second assignment of error states the following: "Defendant was not served a copy of purchasers['] motion for an extension of time contrary to law and was denied due process of law."
 {¶ 8} Appellant's third assignment of error states the following: "Defendant has been denied property without due process of law."
 {¶ 9} Appellant's fourth assignment of error states the following: "Purchaser was not required to pay balance due in 30 days contrary to the terms of the sale, rules of the court, and common law."
 {¶ 10} Appellant's fifth assignment of error states the following: "An inadequate appraisal was used in the case that was not conducted in compliance with the law."
 {¶ 11} Appellant's sixth assignment of error states the following: "Defendant has been prejudicially treated contrary to the U.S. and Ohio Constitution[s] and common law."
 {¶ 12} Appellant's seventh assignment of error states the following: "Discovery has [sic] denied in the case failing to allow establishment of relevant, necessary facts contrary to the Ohio Rules of Civil Procedure."
 {¶ 13} Appellant's eight assignment of error states the following: "Judgment was rendered on improper application of the rules of civil procedure, rules of the court, and common law."
 III. {¶ 14} Appellate jurisdiction is expressly limited to review of "final orders." Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.03. Before addressing Latsa's assignments of error, we must first determine whether there is a final appealable order, in accordance with R.C. 2505.02
and Civ.R. 54(B).
 {¶ 15} R.C. 2505.02(B) states:
"An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
"(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
"(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
"(3) An order that vacates or sets aside a judgment or grants a new trial;
"(4) An order that grants or denies a provisional remedy and to which both of the following apply:
"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
"(5) An order that determines that an action may or may not be maintained as a class action."
(Emphasis added.)
 {¶ 16} It is well settled that "[a]n order which adjudicates one or more but fewer than all the claims or rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable." Nobel v. Colwell
(1989), 44 Ohio St.3d 92, syllabus.
 {¶ 17} Civ.R. 54(B) provides:
"When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 18} Civ.R. 54(B) requires the language "no just cause for delay" in the judgment entry for it to be a final appealable order. The trial court's granting of the third-party purchasers' motion for extension of time to pay funds is not a final appealable order as to Latsa. It fails to meet the R.C. 2505.02 and Civ.R. 54 requirements.
 {¶ 19} Under R.C. 2505.02, Latsa's rights were not affected by the trial court's granting of the third-party purchasers' motion because he no longer had any rights to the property. Under Ohio law, title remains with mortgagor until the foreclosure sale is consummated or mortgagee otherwise extinguishes mortgagor's right to redeem. In re White,216 B.R. 232 (Bankr.D. Ohio 1997). A borrower's right to redeem terminates upon the confirmation of sale. See R.C. 2329.33.
 {¶ 20} For the same reasons as set forth above, Latsa lacks standing to appeal the lower court's granting of the third-party purchasers' motion. Latsa filed his notice of appeal raising issues as to the third-party purchasers' payment of funds after he no longer had title or right to possession of the property.
 {¶ 21} App.R. 4(A) provides the following:
"Rule 4. APPEAL AS OF RIGHT — WHEN TAKEN
"(A) Time for appeal. — A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 22} Latsa's first, second, third, fourth, sixth, and eighth assignments of error all stem from the lower court's granting of the third-party purchasers' motion for extension of time to pay funds. The motion was granted and notice issued on September 21, 2004. Latsa's notices of appeal were filed on November 30, 2004 and December 17, 2004. Both notices were filed late, in violation of App.R. 4(A).
 {¶ 23} Latsa's fifth assignment of error claims that the appraisal used in the case at bar was not conducted in compliance with the law. However, this is not correct; a proper land appraisal was filed on August 8, 2004. Moreover, Latsa's fifth assignment was also raised late. Latsa's seventh assignment of error claims that discovery was denied. Latsa is improperly seeking to assert a right to discovery after the discovery period has passed, pursuant to Civ.R. 26(B)(1).
 {¶ 24} Civ.R. 26(B)(1) states the following:
"(1) In general. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in thepending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."
(Emphasis added.)
 {¶ 25} Latsa did not file his motion for production of documents until November 8, 2004, after judgment had already been obtained against him. The trial court had already entered its decree confirming the sale and issued a writ of possession against him, and the matter was no longer pending. Based on the evidence in the record, we find the trial court's actions denying Latsa's motion to be proper.
 {¶ 26} Based on the evidence in the record, we dismiss Latsa's appeal for lack of a final appealable order, lack of standing and on the merits. Assuming arguendo Latsa's appeal was a final appealable order, the appeal still fails because of Latsa's lack of standing. Moreover, assuming arguendo Latsa's appeal was a final appealable order and he had standing, the appeal still fails. The evidence in the record demonstrates no error on the part of the trial court. Accordingly, Latsa's appeal is dismissed. We find the trial court's actions to be proper and overrule Latsa's eight assignments of error.
Appeal dismissed.
It is ordered that appellee recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, P.J., Concurs; Sean C. Gallagher, J., Concurs in Judgment only.