MEMORANDUM OPINION
{¶ 1} On November 16, 2007, appellants/cross-appellees, Babies R Us and Toys R Us, Inc., by and through counsel, filed a notice of appeal from a November 7, 2007 judgment entry of the Lake County Court of Common Pleas.
 {¶ 2} In the November 7, 2007 entry, the trial court granted the motion for costs and motion for the assessment of prejudgment interest of appellees/cross-appellants, *Page 2 
Sophie Koski and Marc Koski.[1] The trial court awarded appellees costs in the amount of $2,287, plus interest from December 13, 2006, at eight percent per annum on the award of compensatory damages totaling $1,646,700. In that entry, the trial court also denied appellees' motion to reduce/shorten the period of time for appellants to respond to appellees' second request for the productions of documents and motion to compel.
 {¶ 3} Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. Noble v. Colwell (1989), 44 Ohio St.3d 92. A final order is statutorily defined by R.C. 2505.02(B), which provides as follows:
 {¶ 4} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 5} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 6} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 7} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 8} "(4) An order that grants or denies a provisional remedy * * *;
 {¶ 9} "(5) An order that determines that an action may or may not be maintained as a class action * * *."
 {¶ 10} An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B) are met. Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus. *Page 3 
 {¶ 11} Civ.R. 54(B) provides, as follows:
 {¶ 12} "When more than one claim for relief is presented in an action * * * whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
{¶ l3} Prior to the trial court issuing the November 7, 2007 decision on prejudgment interest, the court issued a judgment on August 17, 2007. In the August 17 entry, the trial court ordered that the jury return a verdict in favor of appellee Sophie Koski against appellants for $1,581,700, and in favor of appellee Marc Koski for loss of consortium in the amount of $65,000. In that judgment, the trial court further indicated that the issue of punitive damages was to be adjudicated at a later time.
{¶ l4} In the matter at hand, the issue of punitive damages has not been disposed of yet. Therefore, since there are still claims pending in the trial court, and neither the August 17, 2007 nor the November 7, 2007 entry contain any Civ.R. 54(B) language, there is no final appealable order at this time.
{¶ l5} For the foregoing reasons, this court, sua sponte, dismisses the appeal and the cross-appeal for lack of a final appealable order. *Page 4 
 {¶ 16} Appeal and cross-appeal dismissed.
CYNTHIA WESTCOTT RICE, P.J., TIMOTHY P. CANNON, J., concur.
[1] For purposes of this opinion, appellants/cross-appellees will be referred to as appellants and appellees/cross-appellants will be referred to as appellees. *Page 1