[Cite as *Honzu v. Jamestown Village Plaza, L.L.C. Field Investments*, 2019-Ohio-1167.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| MARCEL HONZU, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2019-T-0004** |
| JAMESTOWN VILLAGE PLAZA LLC FIELD INVESTMENTS, | : | |
| | : | |
| Defendant-Appellee. | | |

Civil Appeal from the Court of Common Pleas, Case No. 2017 CV 02106.

Judgment: Appeal dismissed.

*Marcel Honzu*, pro se, 205 Turnberry Court, NE, Warren, OH 44484 (Plaintiff-Appellant).

*Robert Edelstein*, 23811 Chagrin Boulevard, Suite 160, Cleveland, OH 44122, and *Eric J. Williams* and *Gianna Marie Calzola*, Pelini, Campbell & Williams LLC, 8040 Cleveland Avenue, NW, Suite 400, North Canton, OH 44720 (For Defendant-Appellee).

MARY JANE TRAPP, J.

{¶1} On January 17, 2019, appellant, Marcel Honzu, filed a pro se appeal from a judgment of the Trumbull County Court of Common Pleas.

{¶2} This matter arose out of a commercial lease agreement that Mr. Honzu entered in 2010 with appellee, Jamestown Village Plaza LLC Field Investments ("Jamestown"). In 2011, Abed Esmail, third-party defendant, signed a Guarantee of Lease. In 2013, Mr. Honzu began noticing an unpleasant odor and complained to

Jamestown. Mr. Honzu then initiated this action on November 27, 2017, against Jamestown claiming that his business has suffered harm for over three years due to the unpleasant smell and negligent operation of Jamestown's business. Jamestown filed an answer, counterclaim against Mr. Honzu for rent due, and a third-party complaint against Mr. Esmail. Both Mr. Honzu and Jamestown filed separate motions for summary judgment. In an entry dated January 9, 2019, the trial court granted Jamestown's motion for summary judgment and dismissed Mr. Honzu's complaint. In that same entry, the trial court also denied Mr. Honzu's motion for summary judgment as it pertained to the counterclaim and third-party complaint against Mr. Esmail. No Civ.R. 54(B) language was affixed to that judgment. The instant appeal ensued.

{¶3} Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can only be immediately reviewed by an appellate court if it constitutes a "final order" in the action. *Estate of Biddlestone*, 11th Dist. Trumbull No. 2010-T-0131, 2011-Ohio-1299, ¶ 3. If a trial court's order is not final, then an appellate court has no jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶4} Civ.R. 54(B) provides the following:

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and

2

whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶5} This court has repeatedly held that where there are multiple claims and/or parties involved, an order entering final judgment as to one or more but fewer than all of the claims or parties is not a final, appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]" *Elia v. Fisherman's Cove, Inc.*, 11th Dist. Trumbull No. 2010-T-0036, 2010-Ohio-2522, ¶ 6.

{¶6} Here, Jamestown's counterclaim against Mr. Honzu and third-party complaint against Mr. Esmail remain pending. Therefore, the January 9, 2019 entry on appeal disposed of some but not all the claims. Without the inclusion of the Civ.R. 54(B) language, that there is not just reason for delay, no final appealable order exists at this time.

{¶7} Based upon the foregoing analysis, this appeal is hereby dismissed, sua sponte, due to lack of a final appealable order.

{¶8} Appeal dismissed.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.


3