[Cite as *Geauga Cty. Bd. of Health v. Echols*, 2024-Ohio-1117.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

GEAUGA COUNTY
BODY OF HEALTH, et al.,

              Plaintiffs-Appellees,

- vs -

SELLIE ECHOLS,

              Defendant,

ROBERT ECHOLS,

              Defendant-Appellant.

**CASE NO. 2024-G-0008**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2023 M 000463

---

### M E M O R A N D U M
### O P I N I O N

Decided: March 25, 2024
Judgment: Appeal dismissed

---

*James R. Flaiz*, Geauga County Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiffs-Appellees).

*R. Russell Kubyn*, Kubyn & Ghaster, 8373 Mentor Avenue, Mentor, OH 44060 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1}　Appellant, Robert Echols, appeals from the February 9, 2024 judgment of the Geauga County Court of Common Pleas.  For the reasons discussed, we conclude the judgment at issue is not final and therefore not appealable at this time.  The appeal is accordingly dismissed.

{¶2} In August 2023, appellees, the Geauga County Board of Health and the Chardon Township Board of Trustees, filed a complaint for injunctive relief against appellant and Sellie Echols for solid and hazardous waste violations along with township zoning violations. During the pendency of the proceedings, appellant filed a motion to remove and/or disqualify the magistrate asserting that the magistrate was prejudicial against appellant's counsel and cannot impartially preside over the case.

{¶3} The trial court subsequently denied the motion. Appellant appeals from that judgment.

{¶4} It is well settled that an appellate court does not have jurisdiction to review a lower court's order that is not final. *Noble v. Colwell*, 44 Ohio St.3d 92, 96. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02. *See Children's Hospital Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838.

{¶5} Pursuant to R.C. 2505.02(B)(2), an order is final and appealable "if it affects a substantial right made in a special proceeding." A "[s]pecial proceeding" is "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). A substantial right is one that "the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).

{¶6} This court has stated that the denial of appellant's motion to remove a magistrate does not affect a substantial right. See *Lindsey v. Lindsey*, 11th Dist. Geauga No. 2020-G-0250, 2020-G-3567.

2

Case No. 2024-G-0008

{¶7} Furthermore, this court has concluded that an entry denying a motion to recuse a magistrate is not immediately appealable where other issues are pending in the trial court. In *Aloi v. Enervest*, 11th Dist. Portage No. 2011-P-0023, 2011-Ohio-5112, this court stated that a "judgment entry overruling the motion to recuse a common pleas judge and disqualify a magistrate is not a final appealable order." Here, the claims raised in the complaint have not yet been resolved.

{¶8} Accordingly, in the instant matter, we conclude the trial court's judgment denying the motion to remove and/or disqualify the magistrate is not a final, appealable order.

{¶9} Appeal dismissed.

EUGENE A. LUCCI, P.J.,

JOHN J. EKLUND, J.,

concur.